## Donora Borough *v.* Donora Borough.

*Boroughs—Extension of Boroughs—Statutes—Repeal—Acts of June 2, 1871, P. L. 283, and April 22, 1903, P. L. 247.*

The fourth section of the Act of June 2, 1871, P. L. 283, relating to the extension of the limits of boroughs is repealed by the Act of April 22, 1903, P. L. 247, entitled " An act enabling the burgess and council of any borough or incorporated town, by ordinance, to annex to the borough or incorporated town adjacent territory, upon petition of a majority of the freehold owners thereof."

Unless there be some defect or illegality in proceedings under the act of April 22, 1903, the action of the borough council is final.

Argued April 20, 1904, by John W. Volk et al., from order of Q. S. Washington Co., May T., 1903, No. 183, quashing appeal from borough ordinance in the matter of the Extension of the Limits of the Borough of Donora. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Appeal from ordinance annexing a part of Carroll Township to the Borough of Donora.

Motion to quash the appeal.

McILVAINE, P. J., filed the following opinion:

The Act of April 22, 1903, P. L. 247, is entitled " An act enabling the burgess and council of any borough or incorporated town, by ordinance, to annex to the borough or incorporated town adjacent territory, upon petition of a majority of the freehold owners thereof." It is not an act amending

a former act nor is it an act supplementing previous legislation. It is complete within itself.   It provides for five things : first, there shall be a petition to the council of the borough signed by a majority of the freeholder owners of lots of the territory to be annexed, asking for annexation; second, there shall be an ordinance annexing the adjacent territory; third, there shall be filed in the court of quarter sessions a plan or plot showing the boundary, both of the original borough or town and of the section admitted, together with a certified copy of the ordinance and a description of the boundaries both of the original borough or town and of the borough or town as extended, giving the courses and distances in words at length; fourth, that, after the filing of the matter aforesaid, the section of adjacent territory shall be deemed part of said borough or town and subject to its jurisdiction and government; fifth, that all acts and parts of acts inconsistent herewith are repealed.

Any previous act giving this court authority to review the question of the expediency of annexing this territory to Donora borough would certainly be inconsistent with the provisions of the act of 1903, which points out the different steps to be taken and then provides that "after the filing of the matter aforesaid the section shall be deemed part of said borough," etc.

It is entirely different from the Act of April 1, 1834, P. L. 163, which provided for the recording of the plot after approval by the grand jury and court, and then provided (we quote) that "from thenceforth the said town shall be deemed an incorporated borough, etc.   But if the court shall deem further investigation necessary they may take such order thereon as to right and justice shall appertain.   The same proceeding shall be had on an application to change the limits of any borough," etc.

The Act of April 3, 1851, P. L. 320, in the 30th section, provided for annexation by ordinance, and under its provisions there was no right given the court by appeal to pass on the question of the expediency of annexation, and in it is found the same language as in the act of 1903 : "the said section (of adjacent territory) shall thereafter be deemed and taken and allowed to be a part of said borough," etc.   Thus the law remained until the Act of June 2, 1871, P. L. 283,

was passed, which provided that any citizen of the old borough or of the annexed territory might within thirty days appeal from said ordinance to the court of quarter sessions, and the ordinance did not under this act of 1871 become effective when the plot was filed, as under the act of 1903, but publication was first to be made, and if an appeal was taken it was to be disposed of under the provisions of the act of 1834. The Act of April 6, 1899, P. L. 33, simply allows another class of persons to take an appeal, to wit: the citizens of the township from which the adjacent territory is taken.

As we view the law it is this: The 30th section of the act of 1851, supra, "directed and required" the borough council to annex adjacent territory upon the presentation of a petition, and there was no appeal unless it be under the provisions contained in the 27th section of that act, paragraph II. The council had no discretion and could not consider the question of the expediency of annexing the territory. The minority had no tribunal at which they could be heard on this question. The act of 1871 allowed them an appeal so that they could be heard before the grand jury and court. The purpose of the act of 1903, as we view it, was to take away this right of appeal and opportunity to be heard before the grand jury and court, and in lieu thereof give the borough council power to pass an ordinance of annexation or to defeat it, so as to afford those interested against annexation a tribunal where they could be heard. In other words, the borough council was made the sole tribunal at which the question of the expediency of annexation could be heard.

Of course this does not in any way affect the power of the court to review the action of the council, if for any reason the validity of the ordinance should be questioned. In the case before us no complaint of that character is made.

And now, October 24, 1903, appeal quashed at cost of appellants.

*Error assigned* was the order of the court.

*R. W. Irwin*, for appellants.—Whenever two laws can be made to stand together, it is the duty of the judge to give both of them full effect: Brown v. Commissioners, 21 Pa. 37;

Erie v. Bootz, 72 Pa. 196 ; Wright v. Vickers, 81 Pa. 122 ; Com. v. Fry, 183 Pa. 32 ; Barber's Election Case, 86 Pa. 392.

*T. F. Birch*, with him *Oliver S. Scott*, for appellee.—A subsequent statute revising the whole subject-matter of a former one and evidently intended as a substitute for it, although it contains no express words to that effect, must in the principles of law, as well as in reason and common sense, operate to repeal the former : Johnston's Estate, 33 Pa. 511 ; Rhoads v. Bldg. & Savings Assn., 82 Pa. 180 ; B. & L. Assn. v. B. & L. Assn., 159 Pa. 308 ; Com. v. Summerville, 204 Pa. 300 ; Com. ex rel. v. Grier, 152 Pa. 176 ; Bennett v. Norton, 171 Pa. 221.

OPINION BY BEAVER, J., October 17, 1904 :

The Act of April 22, 1903, P. L. 247, entitled " An act enabling the burgess and council of any borough or incorporated town, by ordinance, to annex to the borough or incorporated town adjacent territory, upon petition of a majority of the freehold owners thereof," not only is, but was evidently intended to be, a radical departure from all previous methods theretofore existing for the accomplishment of a similar purpose.    The act is as follows :

" Section 1.  That the burgess and council of any borough or incorporated town shall have power, on petition of a majority of the freehold owners of any lot or outlots of any section of land lying adjacent to said borough or incorporated town, to declare, by ordinance, the admission of such lots or outlots. Whenever the borough or town authorities shall extend the limits of such borough or town as aforesaid, they shall file, in the court of quarter sessions of the proper county, a plan or plot, showing the boundary both of the original borough or town and of the section admitted, together with the certified copy of the ordinance and a description of the boundaries both of the original borough or town and of the borough or town as extended, giving the courses and distances in words at length ; which section shall, after the filing of the matter as aforesaid, be deemed part of said borough or town and subject to its jurisdiction and government.

" Section 2.  All acts or parts of acts inconsistent herewith are hereby repealed."

This is clearly not a case of implied repeal, because of the inconsistency of the provisions of this act with any in force at the time of its passage.    The second section distinctly repeals all acts or parts of acts inconsistent with the act.

The only question raised by the appeal is whether or not this act is inconsistent with the fourth section of the Act of June 2, 1871, P. L. 283, relating to the "further regulation of boroughs," which is: "Section 4. Whenever the borough authorities shall extend the limits of such borough, they shall file a plan or plot of such extension in the office of the court of quarter sessions of the proper county, and notice thereof shall be published in at least two of the newspapers published in the county; and any citizen of the borough, or of the territory annexed, shall have the right to appeal from the ordinance of the town council, annexing such territory, to the court of quarter sessions of said county, within thirty days of the filing of such plan or plot; and thereupon the said court shall have power, at its discretion, to decree or refuse such extension of borough limits, in the same manner as under the third section of the act of first of April, Anno Domini, eighteen hundred and thirty-four, relating to boroughs."

It is only necessary to bring these two enactments into juxtaposition to see the inconsistencies between them.    Under the act of 1903, as is pointed out by the court below, the section admitted by action of the council shall, after the filing of the matter as aforesaid, be deemed part of said borough or town and subject to its jurisdiction and government.    Under the act of 1871, supra, it was necessary to give notice for a definite time in two newspapers published in the county, and the right of appeal from the ordinance of the town council is expressly given to any citizen of the borough or of the territory annexed within thirty days of the filing of such plan or plot.    These two provisions are clearly inconsistent.    The opinion of the court below is so clear and so full in regard to their inconsistency that it is unnecessary to pursue the subject farther.

If, as intimated by the court, there should be any invalidity in the ordinance or if any of the provisions of the act were not fully complied with, the court of quarter sessions could be called upon by appeal to determine whether or not the steps required to constitute a legal admission of an outlying territory

into the borough had been properly taken. But, we take it, unless there should be some such defect or illegality in the proceedings, the action of the borough council is final and, as stated in the act of assembly itself, after the steps prescribed by the act have been complied with, the section admitted shall be "deemed part of said borough or town and subject to its jurisdiction and government." This was evidently the intention of the legislature and we think it is made manifest by the terms of the act itself.

Decree affirmed and appeal dismissed at the costs of the appellants.