# Parkin, Appellant, *v.* New Kensington Borough.

*Equity—Jurisdiction—Remedy at law—Borough ordinance—Annexation of land—Court of Quarter Sessions—Act of May 14, 1915, P. L. 312.*

A court of equity has no jurisdiction of a suit in equity by a property owner to enjoin a municipality from proceeding under an ordinance providing for the annexation of part of his land to the borough, since Section 9 of Chapter 7, Article I, of the Borough Act of May 14, 1915, P. L. 312, provides a remedy by complaint in the Court of Quarter Sessions in such a case, and this remedy is exclusive.

Argued Oct. 4, 1918.   Appeal, No. 81, Oct. T., 1918, by plaintiff, from decree of C. P. Westmoreland Co., No. 945, in equity, dismissing bill and dissolving preliminary injunction in case of Anna Parkin v. Borough of New Kensington, a Municipal Corporation of Westmoreland County, Pennsylvania, and Daniel Burns, Burgess of said Borough.   Before Brown, C. J., Stewart, Walling, Simpson and Fox, JJ.   Appeal dismissed.

Bill in equity for preliminary injunction against enforcement of ordinance for extending borough limits to and including lands of plaintiff.

The facts appear in the following opinion of Reiber, J., specially presiding:

The defendant borough passed an ordinance on November 14, 1916, known as Ordinance No. 394 of said borough, having for its purpose the annexation to the said Borough of New Kensington, lands situate in Lower Burrell Township, Westmoreland County, Pennsylvania, the territory proposed to be annexed including land owned by the complainant, Anna V. Parkin. The ordinance was duly passed on petition presented by freehold owners of lots in the territory proposed to be annexed, Anna V. Parkin, the plaintiff, not joining in said petition.

Plaintiff avers that she has been aggrieved by the enactment of said ordinance by the Borough of New Kensington, and that unless such ordinance be vacated and set aside, she will suffer irreparable injury, for which she has no adequate remedy at law, and prays that such ordinance be declared null and void.

The defendant questions the jurisdiction of the court sitting in equity upon the ground that the suit should have been brought at law, and asks that the question be decided in limine.

The Act of June 7, 1907, P. L. 440, provides that "If a demurrer or answer be filed averring that the suit should have been brought at law, that issue shall be decided in

limine before a hearing of the cause upon the merits."
The sole question, therefore, before us for our determination is whether or not the suit should have been brought at law.

The ordinance in question was enacted pursuant to the General Borough Act of May 14, 1915, P. L. 312. The repealing clause of said act, on page 473, is as follows:

"All acts or parts of acts of assembly supplied by, inconsistent with, or appertaining to the subject matter covered by this act, are repealed. It is the intention that this act shall furnish a complete and exclusive system for the government and regulation of boroughs."

Section 9, P. L. 393, of said act also provides:

"Complaint may be made to the next court of quarter sessions, upon entering into recognizance with sufficient security to prosecute the same with effect, and for the payment of costs, by any person aggrieved in consequence of any ordinance, regulation or act done or purporting to be done in virtue of this act and the determination and order of court thereon shall be conclusive."

The Act of 1915 confers upon the Court of Quarter Sessions jurisdiction as to the incorporation of boroughs, annexation of land thereto, and the exclusion of land therefrom.

It is contended by plaintiff that the remedy under Section 9 of Chapter 7 is restrictive in its application, and does not apply to change or limits, boundaries, etc., as set forth in Chapter 3, Article I, Sections 18 and 19, of said act. We cannot so construe the act as the said section by the express terms thereof is general in its application:

"Complaint may be made by any person aggrieved in consequence of any ordinance or act done or purporting to be done in virtue of this act."

It follows, therefore, if the act of assembly authorizing the enactment of the ordinance provides a full and adequate remedy, equity would have no jurisdiction.

*Error assigned* was the decree of the court.

*Benjamin H. Thompson,* with him *McGeary & Marsh,* for appellant.

*Victor B. Bouton, Paul H. Gaither* and *Charles E. Whitten,* for appellee, were not heard.

PER CURIAM, October 23, 1918:

If the appellant was entitled to relief at the time she filed her bill in the court below, it was to be found in Chapter 7, Article I, Section 9, of the Act of May 14, 1915, P. L. 312, 393: "Complaint may be made to the next court of quarter sessions, upon entering into recognizance, with sufficient security to prosecute the same with effect, and for the payment of costs, by any person aggrieved in consequence of any ordinance, regulation, or act done or purporting to be done in virtue of this act, and the determination and order of the court thereon shall be conclusive."

Equity had no jurisdiction of appellant's complaint, and there was nothing to be certified to the law side of the Common Pleas. For this reason her appeal is dismissed at her costs, with leave to the appellees, upon return of the record, to move for the dismissal of the bill for want of jurisdiction.