# Sipe, Appellant, *v.* Tarentum Borough.

*Road law—Eminent domain — Borough — Public use — Public highway.*

1. The taking of land for a public highway is a taking for public use.

2. Where the use is a public one the question of the wisdom of the action of a borough in condemning land is for the sovereign power of the State and not for the courts.

3. An ordinance providing for the opening of a private roadway as a public highway constitutes a taking for a public rather than a private use, and is based on apparent necessity, where the roadway is intended as a means of reaching a garbage incinerating plant, is intended for the use of the borough and several adjoining municipalities and citizens of municipalities desiring to deliver garbage to the plant for disposal, and it appears that the proposed location of the plant was chosen after due investigation and on advice of the borough engineer, that the site was approved by the court, and that the road has been used by many citizens of the municipality as a means of access to the abutting properties.

*Equity—Injunction—Restraining passage of borough ordinance —Remedy at law — General Borough Act of May 14, 1915, P. L. 312.*

4. Equity has no jurisdiction to restrain the passage of a borough ordinance for the opening of a private roadway as a public highway. In such a case there is an adequate remedy at law since the passage of the General Borough Act of May 14, 1915, P. L. 312, which provides that the remedy of "any person aggrieved in consequence of any ordinance, regulation or act done or purporting to be done by virtue of this act" shall be by application to the Court of Quarter Sessions, and which makes the determination and order of the court thereon conclusive.

Argued Oct. 22, 1918. Appeal, No. 32, Oct. T., 1918, by plaintiff, from decree of C. P. Allegheny Co., April T., 1917, No. 1134, in equity, dismissing plaintiff's bill in case of James B. Sipe v. The Borough of Tarentum, H. Clay White, Burgess, and W. S. Denny et al., Councilmen of the Borough of Tarentum, Pa. Before BROWN,

C. J., FRAZER, WALLING, SIMPSON and FOX, JJ. Affirmed.

Bill in equity to restrain the passage of a borough ordinance providing for the opening of a private roadway as a public highway. Before DAVIS, J.

The court dismissed the bill. Plaintiff appealed.

*Errors assigned* were in dismissing plaintiff's exceptions to certain findings of fact and conclusions of law, and the decree dismissing the bill.

*R. A. Balph,* of *R. A. & James Balph,* for appellant.—
The question whether the use for which the property sought to be appropriated is a public use, is ultimately for the determination of the courts: Penn Mutual Life Ins. Co. v. City of Philadelphia, 242 Pa. 47.

The exercise of the right of eminent domain, being in derogation of private rights, must be strictly construed: Lazarus v. Morris, 212 Pa. 128.

The alley as set forth in the ordinance is a part of the plant itself; it is not a taking for a general public highway, and cannot be opened as such.

*Nelson McVicar,* with him *S. H. Gardner,* for appellee.

OPINION BY MR. JUSTICE FRAZER, January 4, 1919:

In 1916 plaintiff, under foreclosure proceedings, became the owner of a tract of land in Tarentum Borough, lying between the Pennsylvania railroad and the Allegheny river, bounded on the east by property of the Tarentum Paper Mills Company and on the west by vacant land of the Philadelphia Warehouse Company. Along the western line of plaintiff's land and on the property of the warehouse company was a private road leading across the tracks of the railroad company at grade, and connected with the streets of the borough. The road turned at an angle eastward across plaintiff's

land and connected with a similar road on the property of the paper company and continued along the eastern line of plaintiff's land to the river. The road over plaintiff's land was laid out by a predecessor in title and had been used for more than twenty years by the paper company and tenants of houses constructed on plaintiff's land and by others having occasion to visit the locality. In 1915 Tarentum Borough entered into an agreement with the paper company whereby the latter granted the former the right to construct a sewage disposal plant on the river bank of the paper company's property, together with an intercepting sewer on a part of the land, in consideration of the right to use the sewer by the company, access to the plant being along the roadway above described. In September, 1916, the borough decided to construct on property adjoining the sewage disposal plant, a garbage incinerating furnace for its use and the use of adjoining municipalities. Upon this action being taken by the borough authorities, plaintiff closed the road referred to by erecting a fence on the western line of his lands; whereupon an ordinance was introduced in the borough council, providing for the opening of the roadway in question as a public highway, designated as Wayman alley. Plaintiff followed this action on the part of the borough by filing the bill in this case, alleging the alley to be unnecessary for public use, and averring the purpose to be the benefiting of the paper mills company by giving it access to its plant over plaintiff's property, and praying that the borough authorities be enjoined from adopting the proposed ordinance. The court below dismissed the bill and plaintiff appealed.

The taking of land for a public highway is a taking for public use: Smedley v. Erwin et al., 51 Pa. 445, 450; and where the use is a public one the question of the wisdom of the act is for the sovereign power of the State and not for the courts: Philadelphia, Morton & Swarthmore Street Railway Company's Petition, 203 Pa. 354, 362; Penn Mutual Life Ins. Co. v. Philadelphia, 242 Pa.

47, 52. Consequently, unless in this case the circumstances make the taking one for private instead of public use, plaintiff is without standing to complain. The court below expressly found no evidence of an agreement between the borough and the paper company concerning the opening of the road as a public highway or the use of the alley except the original agreement for the sale of the land to the borough, which included an eighteen-foot right-of-way over that part of the alley located on the property of the paper company.

The court also found the proposed location of the garbage incinerating plant was chosen after due investigation and on the advice of the borough engineer, that the site was approved by the court and the evidence did not sustain the averments of the bill that the alley was to be opened under private agreement or for the benefit of private parties. The garbage plant when constructed is intended for the use not only of Tarentum Borough but also the contiguous Borough of Brackenridge and adjoining townships and citizens of these municipalities desiring to deliver garbage to the furnace for disposal. In addition to these facts, when we consider the road has been used by many citizens of the municipality as a means of access to the abutting properties, we find ample ground for sustaining the conclusion of the court below that the use for which the land is intended is a public one, based on apparent necessity, and accordingly properly within the power of the borough.

Proceedings in equity to restrain the passage of the ordinance were improper for the reason Chapter 7, Article I, Section 9, of the Act of May 14, 1915, P. L. 393, entitled "An Act providing a system of government for boroughs, and revising, amending and consolidating the law relating to boroughs" and known as the "General Borough Act," provides that the remedy of "any person aggrieved in consequence of any ordinance, regulation or act done or purporting to be done in virtue of this act" shall be by application to the Court of Quarter Sessions

and makes the determination and order of the court thereon conclusive. Under this section of the act we held in Parkin v. New Kensington Borough, 262 Pa. 433, that equity is without jurisdiction in a proceeding of this character, the remedy being at law.

The decree of the court below dismissing the bill is affirmed, at costs of appellant.