# Whitney et al., Appellants, *v.* Jersey Shore Borough.

*Equity—Practice, equity—Demurrer — Answer — Answer overruling demurrer—Replication—Appeals.*

1. Where a demurrer is filed to the whole of a bill, and at the same time an answer is filed to the whole bill, the demurrer is overruled by the answer; and if a replication is subsequently filed, and the trial judge certifies that the case came before him upon "bill, answer and replication," the appellate court must take this as conclusive of that fact.

*Boroughs—Annexation of territory—Equity—Jurisdiction—Determined in limine—Establishing legal right—Tax levy—Certifying to law side—Quarter sessions—Common pleas—Acceptance by borough of the general borough Acts of April 3, 1851, P. L. 320, and May 14, 1915, P. L. 312, 325—Issue.*

2. When a statutory remedy is provided, whereby a legal right may be effectually settled, it is necessary to pursue the remedy,

and thus establish the right, before an application for an injunction to enforce such right will be entertained, especially where the right claimed—relief from what is said to be an illegal tax levy—rests in part upon the ascertainment of controverted facts, involved in a proceeding heretofore had under a statute which provides an adequate method, or remedy, for judicially settling those very facts.

3. A bill in equity was filed against a borough incorporated under a special act, to declare void and of no effect certain annexation proceedings and from relief from alleged illegal taxation in the annexed territory. Such proceedings were not authorized under the special act by which it was incorporated, and were only authorized where a borough had accepted the provisions of the general borough Act of April 3, 1851, P. L. 320, as provided by the Act of May 14, 1915, P. L. 312, 325. The bill recognized the probability of the borough having accepted the Act of 1851, and carefully avoided averring that it had not done so. The averments of the bill, and its prayers, indicated that the real purpose of the suit was to declare the annexation proceedings void, and that relief from illegal taxation was merely an ostensible purpose. The answer not only specifically averred that the borough had accepted the act but introduced a court record demonstrating that fact. A replication was filed, and the case was heard on bill, answer and replication. The court dismissed the bill. *Held*, (1) that, although ordinarily questions of jurisdiction must be determined on what appears in the bill alone, the court was warranted in concluding that the borough had accepted the Act of 1851, inasmuch as no issue was involved, as to the acceptance of such act, requiring further evidence for its determination; (2) that, even if this were not plain from the pleadings, yet, since the bill itself showed that the proceedings by which plaintiffs claimed to be "aggrieved," contained matter "purporting" the annexation to be by virtue of the Act of 1915, plaintiffs' remedy would still be by complaint under that act to "the next court of quarter sessions" and not in equity; (3) that the court was justified in deciding the question of jurisdiction in limine; and (4) that the bill was properly dismissed, inasmuch as the plaintiffs had a remedy at law under the Act of 1915, by a complaint to "the next court of quarter sessions."

4. In such a case the court could not certify the cause to the law side of the court, inasmuch as the plaintiffs' remedy was to the quarter sessions and not to the common pleas.

5. No matter what the cases, prior to the Act of 1915, may hold as to the jurisdiction of equity to review and declare void annexation proceedings, yet since the date of the borough code, whenever that statute applies, relief to one aggrieved in any respect by such

proceedings, if the relief sought involves an attack on the validity thereof, must be had in the quarter sessions; for, in such instances, the code provides its own adequate remedy, by judicial review on complaint to that court, when and where the legality of the proceedings can be determined; and, in case the annexation be declared invalid, the rights of all property holders is effectually established at law.

*Costs—Counsel fees—Common fund—Exception.*

6. In certain rare cases (for example, where professional services have been rendered to protect or enhance a common fund, or for the actual financial benefit of all the parties to a conflict) equity permits the award of compensation to attorneys, yet in ordinary adversary proceedings there is no law in Pennsylvania to warrant the payment, as costs in the cause, of fees to counsel for professional services.

7. Where a bill in equity is dismissed and the defendants file a bill of costs, including a counsel fee, to which a general exception is filed to the allowance of costs, without a special exception to the formal bill of costs, the fact that no special exception was taken, cannot be given the effect of conferring upon the court below the power, which it did not otherwise possess, to award a counsel fee to defendant.

Argued February 16, 1920. Appeal, No. 178, Jan. T., 1920, by plaintiffs, from decree of C. P. Lycoming Co., June T., 1919, No. 1, dismissing bill in equity in case of Samuel L. Whitney et al. v. Jersey Shore Borough. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING and KEPHART, JJ. Decree modified and affirmed.

Bill in equity for an injunction, etc. Before WHITEHEAD, P. J.

The case was heard on bill, answer and replication.

The court dismissed the bill. Plaintiffs appealed.

*Errors assigned* were (2) decree dismissing the bill, and (3) imposing upon plaintiffs, as part of the costs, defendant's counsel fees.

*T. M. B. Hicks,* for appellants.—The jurisdiction of the common pleas sitting in equity to enjoin against the

collection of taxes levied illegally or without authority is well settled: St. Clair School Board's App., 74 Pa. 252; Conner's App., 103 Pa. 356; Harper's App., 109 Pa. 9, 15-16; Pittsburgh, etc., Ry. v. Stowe Twp., 252 Pa. 149; Byers v. Hempfield Twp., 226 Pa. 278; H. C. Frick Coke Co. v. Mt. Pleasant Twp., 222 Pa. 451.

The question of jurisdiction must be determined by what is averred in the bill and not by what is disclosed in the answer: Pittsburgh, etc., Ry. v. Stowe Twp., 252 Pa..149, 155.

In proceedings for the incorporation of boroughs or for the annexation of adjacent territory, it must clearly and affirmatively appear on the face of the proceedings that all the statutory requisites and conditions precedent were complied with: Taylorport Boro., 21 W. N. C. 533; Little Meadows Boro., 28 Pa. 256; Versailles Boro., 159 Pa. 43; Devore's App., 56 Pa. 163; Clairton Boro., 34 Pa. Superior Ct. 74; Beaver Boro., 34 Pa. Superior Ct. 467, 468; Pittsburgh's App., 79 Pa. 317; Fister v. Kutztown Boro., 49 Pa. Superior Ct. 483; Sample v. Pittsburgh, 212 Pa. 533, 541-542.

*Harry C. Fithian,* for appellee.—The court had no jurisdiction: Sipe v. Tarentum Boro., 263 Pa. 338; Pitcairn v. Pitcairn, 201 Pa. 368; Wilson v. Blaine, 262 Pa. 367.

OPINION BY MR. JUSTICE MOSCHZISKER, March 8, 1920:

June 28, 1919, plaintiffs, on behalf of themselves and other taxpayers of the Township of Porter, Lycoming County, filed a bill in equity against the defendant borough, which was dismissed by the court below; hence this appeal.

The bill avers that defendant sought to annex certain described lands in the before-mentioned township, a copy of an ordinance to accomplish that purpose, passed and approved in 1918, being attached, wherein it is declared that the borough councils had acted pursuant to a peti-

tion "in accordance with the Act of General Assembly
in such case made and provided" (see Act of 1915, P. L.
325, sections 18 and 19) ; this is accompanied by an aver-
ment that the transcript of the ordinance, in the record
of the quarter sessions annexation proceedings, is en-
dorsed as filed in accord with the Act of May 14, 1915,
P. L. 312,—the general borough code.

While the bill states defendant borough was incor-
porated by a special Act of Assembly approved March
15, 1826 (see section 11 of Act of 1826, P. L. 1825-26,
page 113), yet neither that statute nor the one to which
it refers provides for the annexation of territory, the
sole act "in such case made and provided" being the
General Borough Code of 1915; the significance of
which fact will appear later in this opinion, when we
come to consider the applicability to the present case of
a certain governing section of the last mentioned statute.

Again turning our attention to the pleadings, the bill
sets forth that the Act of 1915 establishes a system of
government for boroughs, providing, by chapter 1, ar-
ticle I, section 6, page 315, that the statute "shall apply
to all boroughs incorporated under general law and to
those which have accepted the provisions of the Act of
April 3, 1851, P. L. 320"; it then alleges "your orators
are not informed......whether the Borough of Jersey
Shore......ever accepted the provisions of the said Act
of 1851, or whether it ever......otherwise became sub-
ject to the provisions [of the Act of 1915]......, and
[they] aver that, unless the said defendant borough shall
show that, at the time of the presentation of the said
[annexation] petition and at the time of the passage and
approval of said [annexation] ordinance, it was subject
to and being governed under the provisions of said Act
of May 14, 1915, the said ordinance and attempted an-
nexation were and are now void and of no effect."

The remaining averments charge that certain steps
in, what we have previously called and shall hereinafter
designate as, the "annexation proceedings" were not in

accord with the requirements of the Act of 1915, for reasons of fact and law particularly stated; but, owing to the disposition we shall make of this appeal, there is no necessity for reciting these complaints in detail.

The prayers are, inter alia, that the defendant be required to answer and show by what right it undertakes "to exercise the said power of annexation......under the provisions of said Act......of May 14, 1915"; that various steps in the annexation proceedings be declared improper or imperfect, and the beforementioned ordinance "be adjudged and declared to be void and of no effect"; that the territory in question "be adjudged and declared to be part of the said Township of Porter, and not of defendant borough"; that defendant and all of its officials be "enjoined and restrained from exercising or attempting to exercise any jurisdiction over the said hereinbefore described territory......and from in any manner treating or attempting to treat the said territory or any part of it as a part of said borough"; finally, that defendant's officials be restrained "from assessing or attempting to assess properties [in the annexed territory] for taxation, and from collecting or attempting to collect any taxes assessed or attempted to be assessed" by such officials. (This last demand appears to be only incidental to the real purpose of the bill, as denoted by its whole structure and the other prayers thereof; which point we shall discuss later.)

Defendant filed a demurrer and answer, under one cover, the demurrer asserting that the court below was without jurisdiction because the Act of 1915, by chapter 7, article I, section 9, page 393, provides that "Complaint may be made to the next court of quarter sessions, upon entering into recognizance, with sufficient security to prosecute the same with effect, and for the payment of costs, by any person aggrieved in consequence of any ordinance, regulation, or act done or purporting to be done in virtue of this act, and the determination and order of the court thereon shall be conclusive."

The answer also raises the question of jurisdiction, upon the grounds stated in the demurrer, and, after replying to other averments of the bill, has this to say: "To that part of the bill wherein plaintiffs argue 'that unless defendant borough......shall show......it was subject to and being governed under the provisions of said Act of May 14, 1915, the said ordinance and attempted annexation were and are void and of no effect,' defendant responds that it accepted the provisions of the said Act of April 3, 1851, and, having so done, it became subject to the provisions of the said Act of May 14, 1915, ......; and a copy of the record of the proceedings for the acceptance of the provisions of the said Act of April 3, 1851, is hereto attached......with the same force and effect as though repeated in this paragraph." The attached record shows an acceptance duly had and decreed under and by virtue of the Act of 1851, in and by the Quarter Sessions of Lycoming County, on August 27, 1855.

The demurrer was overruled, on the ground that "defendant demurred to the whole of plaintiffs' bill, at the same time answering the whole bill," and that "such practice is not allowable under the rules of equity proceeding, the demurrer being overruled by the answer"; citing Appeal of John Barbey, 119 Pa. 413. The presiding judge certifies the matter then came before him upon "bill, answer and replication"; we must take this as conclusive of that fact: Randolph's App., 66 Pa. 178, 183.

With the case thus before the court below, it treated defendant borough as governed by the provisions of the Borough Code—Act of 1915—, deciding, since this statute "provides a full and adequate remedy," equity had no jurisdiction; and, therefore, dismissed the bill.

The court was amply justified in determining defendant borough had accepted the Act of 1851 and, hence, that this case was governed by the provisions of the borough code. Although plaintiffs filed a replication,

yet, on the peculiar facts at bar, no issue was thereby raised as to defendant's acceptance of the Act of 1851. An issue is a point affirmed on one side and denied on the other. Here the bill, while in effect recognizing the possibility of defendant borough having accepted the Act of 1851, carefully avoids averring it did not do so, and the answer not only specifically avers that it did accept, but introduces a court record demonstrating that fact. Under these circumstances, albeit ordinarily questions of jurisdiction must be determined on what appears in the bill alone (Pittsburgh, etc., Ry. Co. v. Stowe Twp., 252 Pa. 149, 155), in the present instance, there being no issue involved as to the acceptance of the Act of 1851, requiring further evidence for its determination, the court was warranted in concluding the borough had accepted such legislation; but, even if it were not plain from the pleadings that the borough had accepted the Act of 1851, since the bill itself shows that the proceedings (see paragraphs 2 and 3 of this opinion), by which plaintiffs claim to be "aggrieved," contain matter "purporting" the annexation to be by virtue of the Act of 1915, under the beforequoted provision of the borough code (chapter 7, article I, section 9), their remedy would still be by complaint to "the next court of quarter sessions," and not in equity.

The cases cited and relied upon by appellants (St. Clair School Board's App., 74 Pa. 252; Conner's App., 103 Pa. 356; Harper's App., 109 Pa. 9, 15-16; Pittsburgh, etc., Ry. Co. v. Stowe Twp., 252 Pa. 149; Whitman v. City of Reading, 169 Pa. 375; H. C. Frick Coke Co. v. Mt. Pleasant Twp., 222 Pa. 451; Byers v. Hempfield Twp., 226 Pa. 278), holding the collection of an illegal tax levy will be restrained by a chancellor, really rest upon the well-established doctrine that, where a legal remedy is lacking or the given remedy is inadequate to correct the whole range of a particular evil (Harper's App., 109 Pa. 9, 16; Byers v. Hempfield Twp., 226 Pa.

278, 280-281), equity has jurisdiction; which is not so here.

True, we did broadly state in Pittsburgh, etc., Ry. Co. v. Stowe Twp., 252 Pa. 149, 155, that, "where there is a want of power to tax or where the tax is levied without authority of law, a bill in equity will lie to restrain its collection"; but neither that case nor the authorities there cited are contrary to what we have just said as to the bases of equity jurisdiction in such instances. Moreover, the above-quoted statement is far from ruling that, when a statutory remedy is provided, whereby a legal right may be effectually settled, it is not necessary to pursue the remedy, and thus establish the right, before an application for an injunction to enforce such right will be entertained, especially in a case like the present where the right claimed—relief from what is said to be an illegal tax levy—rests in part upon the ascertainment of controverted facts, involved in a proceeding heretofore had under a statute which provides an adequate method, or remedy, for judicially settling those very facts. We incidentally take occasion to remark, however, that, in a case of the character of the one now before us, after the legal status of the territory embraced in the annexation proceeding is determined at law, it is hardly conceivable any further relief in equity will be called for, so far as tax levies are concerned.

All of the cases relied upon by appellants arose prior to the present borough code, except Pittsburgh, etc., Ry. Co. v. Stowe Twp., 252 Pa. 149, which, while subsequent to the code, was not, on its facts, within that act, nor did it, or any other of the cited authorities, involve, as an apparent principal object, an effort to review and set aside an antecedent collateral statutory proceeding, had under an act of assembly wherein an adequate remedy by review at law is particularly provided for, which the averments and prayers of the bill at bar indicate to be the real purpose of the present case. In fact, as before suggested, one cannot read the bill without being im-

pressed that the final prayer—for relief from alleged illegal taxation—merely represents an ostensible purpose, while the real purpose sought to be accomplished is shown by the numerous prior prayers relating to the annexation of territory.

In connection with the thought last stated, it is truly said in the printed argument of appellee, "Counsel for appellants has labored to raise a question of the assessment, levy and collection of taxes, and to have the court determine the regularity of the annexation as incidental to this tax question. Obviously he has......put the cart before the horse; ......the real question here, in spite of what has been said by appellants, is not a question of taxation, but of the regularity of the annexation proceedings, which is not reviewable by a court of equity, but only by the court of quarter sessions, as provided in the relevant act of assembly."

No matter what the cases prior to the Act of 1915 (Devore's App., 56 Pa. 163; Pittsburgh's App., 79 Pa. 317; Sample v. Pittsburgh, 212 Pa. 533; Beaver Borough's App., 34 Pa. Superior Ct. 467; Clairton Borough, 34 Pa. Superior Ct. 74 et al.) may hold as to the jurisdiction of equity to review and declare void annexation proceedings, yet since the date of the borough code, whenever that statute applies (as it does here), relief to one aggrieved in any respect by such proceedings, if the relief sought involves an attack on the validity thereof, must be had in the quarter sessions (Parkin v. New Kensington Borough, 262 Pa. 433; see also Sipe v. Tarentum Boro., 263 Pa. 338); for in such instances the code provides its own adequate remedy, by judicial review on complaint to that court, when and where the legality of the proceedings can be determined, and, in case the annexation be declared invalid, the rights of all property holders (to be relieved from improper tax levies) is effectually established at law. The Parkin case, so far as the effect of section 9, chapter 7, article I, of the borough code is concerned, settles the law as we

have just stated it; and our present ruling is made with a full appreciation of the fact that the old Borough Act of 1851 contains a similar provision (P. L. 326, chapter 7, par. 2, of section 27) to that found in the code of 1915. It may be noted, however, that the earlier provision seems never to have been construed or the effect thereof judicially determined, on the precise point here involved.

The court was justified in deciding the question of jurisdiction in limine (Pittsburgh, etc., Ry. Co. v. Stowe Twp., 252 Pa. 149, 155), and, when that tribunal determined the point as it did, it was warranted in dismissing the bill; for, as plaintiffs' remedy lay in the quarter sessions and not the common pleas, the latter could not "certify the cause to the law side of the court" wherein the bill had been filed, as required by section 2 of the Act of 1907, P. L. 440; therefore that particular provision of the act has no application to this case (Parkin v. New Kensington Borough, 262 Pa. 433, 436); but, although the bill was properly dismissed, appellants are entitled, under one of their assignments, to a certain measure of relief.

The third assignment of error complains because the court below, by approving defendant's bill of costs, in effect awarded its counsel a fee of $100; and, as to this, plaintiffs very properly state that, albeit "the amount is moderate," its allowance was "beyond the power of the court." Winton's App., 87 Pa. 77, 84-5, asserts that while, in certain rare cases (for example, where professional services have been rendered to protect or enhance a common fund or for the actual financial benefit of all the parties to a conflict), equity permits the award of compensation to attorneys, yet in ordinary adversary proceedings (such as those at bar) "there is no law in Pennsylvania to warrant the payment, as costs in the cause, of fees to counsel for professional services," adding, "Without an act of assembly empowering it, the courts cannot create a fee-bill, and it would be usurpation of legislative function to allow, as between party

and party, charges to which no statute has given the character of costs." This authority has been followed in subsequent cases and is the established law of our State.

Plaintiffs entered a general exception to the allowance of costs, and the fact that no special exception was taken to defendant's formal bill of costs cannot be given the effect of conferring upon the court below a power, which it did not otherwise possess, to award the counsel fee here objected to; the assignment in question is sustained and the fee of $100 stricken from the bill of costs.

The assignments of error, other than the one just sustained, are overruled, and the decree dismissing the bill in equity is affirmed; costs of appeal to be divided equally between plaintiffs and defendant.