## Commonwealth v. Wilson.

*Criminal law—Costs on conviction—Necessary expenses—Act of June 29, 1923.*

1. The Act of June 29, 1923, P. L. 973. does not include the expenses of a witness from out of the State for room rent, meals, transportation and remuneration, and bills for such expenses will not be approved.

2. The expression "necessary expenses" refers to expenses of the district attorney in the investigation of crime and the apprehension of persons charged with or suspected of the commission of crime.

Application of the district attorney for approval of certain bills. Q. S. Northampton Co., June Sess., 1923, No. 20.

*T. McK. Chidsey*, District Attorney, for Commonwealth.

STEWART, P. J., Sept. 24, 1923 (my colleagues concur in this opinion).—The above defendant was convicted. The district attorney has filed two bills of out of the State witnesses, which he asks the court to approve under the provisions of the recent Act of June 29, 1923, P. L. 973. That act is as follows:

"An act providing for the payment by counties of expenses incurred by the district attorney, and making such expenses a part of the costs of the case where the defendant is convicted.

"Section 1. Be it enacted, &c., that all necessary expenses incurred by the district attorney of any county of this Commonwealth, or his assistants, or

4 D. & C.

any officer directed by him, in the investigation of crime and the apprehension and prosecution of persons charged with or suspected of the commission of crime, shall be paid by the respective counties out of moneys in the county treasury, upon the approval of the bill of expense by the district attorney and the court of the respective counties. And in cases where a defendant is convicted and sentenced to pay the costs of the prosecution and trial, the expenses of the district attorney in connection with such prosecution shall be considered a part of the costs of the cases and be paid by the defendant."

The items in the bills are as follows: "Expense to preliminary hearing; expense to court trial; 8 days hotel room; 8 days meals; transportation; 8 days remuneration." The sole question is, do any or all of the above items come within the provisions of the act quoted above? The act is a good one, and will enable a district attorney to get better expert services, better chemical analyses, &c., but, in our judgment, it was not intended to cover the expenses of witnesses who were out of the State. When the witnesses attend court, they are, of course, paid just like any other witness, but to pay their hotel bills and carfare and wages is to extend the term "necessary expenses" to a degree that we do not believe is contemplated in the act. We are aided in this conclusion by the construction which has been uniformly placed by the Supreme Court on similar applications to include matters of this kind as part of the costs of a case. In Lynch v. Wood, 1 Dallas, 310, the court allowed charges for swearing witnesses and for their attendance, but rejected those for the expenses of traveling to collect the testimony. In Murphy v. Loyd, 3 Wharton, 356, the syllabus is: "A party is not entitled to an allowance in his bill of costs for the expense of office copies of deeds and other documents produced on the trial in support of his title." In Winton's Appeal, 87 Pa. 77, the syllabus is: "There is no law in Pennsylvania to warrant the payment as 'costs in the cause' of the fees of counsel for professional services, or of the value of the time bestowed, or the amount of expenses incurred by a party in its preparation and trial. While a reasonable discretion in chancery cases is permitted to Courts of Common Pleas in the allowance of costs, it must be exercised in view and with the aid of the analogies which the statutes relating to costs in actions at law afford, and all items in the nature of allowances and which may not properly come within the denomination of costs must be excluded." In Good v. Mylin, 8 Pa. 51, which was a civil case, where a jury had allowed as part of the damages expenses of the plaintiff for his trouble and expense in conducting his suit, Mr. Chief Justice Gibson said: "No lawsuit is prosecuted without trouble and expense; and were compensation for these recoverable as an original ground of action by anticipation, the claim would be a standing dish, and we should have a direct precedent for it in every trial. Besides, it is a fallacy to suppose that every successful plaintiff has a right to be made whole by a verdict which is, at best, only an approximation to perfect justice. There is many a right which is not worth the trouble and expense of enforcing it, and the right supposed by our late brother is exactly of that stamp. To pay for expenses and trouble in order to make it valuable would open a field of inquiry often more extensive than the issue raised by the pleadings, and make it the principal battle-ground. Such a principle of compensation is contrary to the genius of the common law, which does not give even costs, and the Statute of Gloucester does not embrace it." See, also, Smith v. Equitable Trust Co., 215 Pa. 413; Whitney et al. v. Jersey Shore Borough, 266 Pa. 537, and Kaufmann v. Kirker, 22 Pa. Superior Ct. 201. It will be seen from an examination of those cases that the Supreme Court has been reluctant to extend the term "costs" beyond its accepted meaning. The expression "necessary expenses" is a very elastic one, but in the

present act it seems to us there is a clear distinction between what the district attorney may do before trial and what is done on the trial. The language of the act is, "in the investigation of crime and the apprehension and prosecution of persons charged with or suspected of the commission of crime." It seems to us that those words exclude all of the items in the bills presented to us, and that they do not come within the provisions of the act.

And now, Sept. 24, 1923, bills are not approved.

From Henry D. Maxwell, Easton, Pa.