In re: Filing of Ordinance by the Borough of State College.

Argued October 28, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Newton B. Spangler,* for appellant.

*Samuel D. Gettig,* for appellees.

Opinion by Gawthrop, J., January 28, 1932:

By a proceeding pursuant to Sections 425 and 426 of the general borough law of May 4, 1927, P. L. 519, authorizing a borough, by ordinance, to annex adjacent land upon petition of a majority of the freeholders of the territory proposed to be annexed, and providing procedure, the Borough of State College enacted an ordinance annexing certain territory in College Township which adjoined the borough. A copy of the ordinance, together with a description and a plot showing the courses and distances of the boundaries of the borough before and after the proposed annexation, was filed in the court of quarter sessions of the county on November 21, 1930, and a notice of such filing was filed in the office of the county commissioners on the same day as required by Section 426 of the act, which provides that after these things have been

done the territory proposed to be annexed shall be a part of the borough.

On April 9, 1931, the school district of College Township, the poor district of the township, and the road district of the township presented to the court of quarter sessions of the county a joint petition, averring the passage of the ordinance and the proceedings subsequent thereto as above related, and complaining, inter alia, that the borough did not file in the court of quarter sessions a copy of the petition pursuant to which the ordinance was passed, and that a majority of the freeholders of the territory proposed to be annexed had not signed the petition for annexation. The prayer was for a rule upon the borough to show cause why the petition upon which the ordinance was founded should not be filed in the court; to show that the ordinance was regularly passed; and to show why the entire proceeding should not be declared invalid. To the rule granted as prayed for the borough filed an answer in the nature of a demurrer, averring that the petition or complaint was filed too late and that the court had no authority to entertain it, because, by the terms of Section 1010 of the Act of 1927, complaint must be made to the court of quarter sessions within thirty days after the ordinance became effective; that the petitioners were not "persons aggrieved," within the meaning of those words in Section 1010; that they failed to enter into a recognizance with sufficient security as required by Section 1010; and that, therefore, the court had no jurisdiction to entertain the complaint. The court below entered an order directing that the borough file, within ten days, the original petition purporting to contain the signatures of a majority of the freeholders of the territory proposed to be annexed, and that the petitioners should furnish to the borough, or its solicitor, and to the court "a list of such signers as are

denied as genuine, whereupon, the court will fix a date for the final hearing." From this order the borough brought this appeal.

We are of one mind that the order must be reversed. Section 1010 of the Act of 1927 is as follows:

"Appeals from Ordinances.—Complaint may be made to the court of quarter sessions, upon entering into recognizance with sufficient security to prosecute the same with effect and for the payment of costs, by any person aggrieved, within thirty days after any ordinance or resolution takes effect, and the determination and order of the court thereon shall be conclusive."

The complaint was not made to the court below within the thirty day period prescribed by this section. Complainants slept on their rights for more than four months. If the court below could entertain a petition to test the validity of the ordinance when it did, the time within which an appeal could be taken under this section could be extended indefinitely, the borough authorities would never be safe in proceeding under the ordinance, because it could be attacked any time, and the words of the act would mean nothing. Manifestly it was the purpose of the legislature to close the door against the filing of a complaint against the ordinance at the end of the thirty day period following the date on which it became effective. After that time jurisdiction of the court to entertain a complaint is gone. It no longer had jurisdiction over the subject matter. This section is substantially a re-enactment of Section 9, Chapter 7, Article 1 of the General Borough Act of 1915, P. L. 312, the only material difference being that under the Act of 1915 the complaint had to be made "to the next court of quarter sessions," whereas, under the Act of 1927 it must be made within thirty days after the ordinance takes effect. It was uniformily held by the Supreme Court that the

section of the Act of 1915 referred to covered cases in which an attack is being made on the ordinance, that is, where the proceeding was against the ordinance and not under it. See Wright v. France, 279 Pa. 22; Sipe v. Tarentum Borough, 263 Pa. 338; and Parkin v. New Kensington Borough, 262 Pa. 433. When there is a statutory remedy provided for the testing the validity of an ordinance it is generally held to be exclusive. The general rule is that the fact that an ordinance is void is not even sufficient ground for enjoining its enforcement, but that other circumstances bringing the case under some acknowledged head of equity jurisdiction must be shown: Boise Artesian H. & C. Co. v. Boise City, 213 U. S. 276, 53 L. Ed. 796. In any event it is familiar law that if there is a full and adequate legal remedy equity has no jurisdiction. Here, complainants had such a legal remedy, but they invoked it after the statute of limitation became a bar. In failing so to hold the court below fell into error. This conclusion is determinative of the appeal and consideration by us of the other reasons on which appellant grounded its demurrer is unnecessary.

The order is reversed, and the record is remitted to the court below with directions to enter an appropriate order not inconsistent with this opinion.