## Cary et al. v. Borough of Larksville et al.

*William A. O'Connor*, for plaintiffs.
*J. Earl Langan*, for defendants.

FARRELL, J., May 18, 1939.—This is a taxpayers' bill against the members of council, tax collector, secretary and treasurer of Larksville Borough to restrain defendants from expending money for salaries, commissions, and other expenditures, and from levying and collecting a borough tax of 17 mills. The proposed expenditures are alleged in the bill to be grossly extravagant and an abuse of official discretion, and the tax of 17 mills is alleged to be unlawful and excessive. A preliminary injunction was granted April 8, 1939.

Paragraphs 16 and 17 of plaintiffs' bill aver:

"16. That the proposed budget for 1939 and the tax ordinance levied to raise sufficient funds to meet the said budget calls for the expenditure of 17 mills.

"That there is no authority in the law for Larksville Borough to levy more than 15 mills without permission of the Court of Quarter Sessions of Luzerne County and such permission has neither been sought nor obtained for the levying of two additional mills.

"17. That in view of financial conditions of Larksville Borough as set forth in the preceding paragraphs, your petitioners aver that the appropriation for the various items hereinbefore complained of . . . constitutes gross extravagance and a gross abuse of discretion on the part of Larksville Borough Council in making the said appropriations and levying a tax to pay therefor. . . ."

Preliminary objections to plaintiffs' bill have been filed by defendants claiming that equity has no jurisdiction and that the complainants have a remedy at law under section 1010, art. X, of The General Borough Act of May 4, 1927, P. L. 519, which provides:

"Complaint may be made to the court of quarter sessions, upon entering into recognizance with sufficient security to prosecute the same with effect and for the payment of costs, by any person aggrieved, within thirty days after any ordinance or resolution takes effect, and the determination and order of the court thereon shall be conclusive."

It is contended by defendants that the section above quoted from The General Borough Act applies to every case where any person is aggrieved in consequence of any ordinance passed by a borough under The General Borough Act, supra, and that the jurisdiction of equity is therefore ousted. Among the cases cited to sustain this contention is that of Edmunds et al. v. Borough of Nanticoke et al., 22 Luz. L. R. Rep. 414, in which Judge Jones of this court said at page 416:

"A Court of Equity has no jurisdiction of a suit in equity by a property owner to enjoin a municipality from

proceeding under an ordinance. . . . The remedy provided by Section 9, *supra*, of the General Borough Act is exclusive. [The General Borough Act of May 14, 1915, P. L. 312, sec. 9, art. 1, ch. 7, which is the same as the section of The General Borough Act of 1927, supra.] Parkin v. New Kensington Borough, 262 Pa. 433; Scranton Railway Co. v. Borough of Dupont, in equity, Common Pleas of Luzerne county, No. 5, March term, 1921."

Plaintiffs contend that the remedy in the court of quarter sessions by appeal from the ordinance applies only where there is "any person aggrieved in consequence of any ordinance," etc., and that this remedy does not apply in the case of a general complaint by taxpayers against the provisions of the ordinance. This question was apparently not raised or considered in Edmunds et al. v. Borough of Nanticoke et al., supra, though that was a taxpayers' bill. Plaintiffs further urge that the levy of 17 mills is unauthorized by The General Borough Act which limits the levy for borough purposes to 15 mills, and that, the levy being outside the borough code which provides the remedy by appeal from the ordinance, that remedy does not apply; and further that the charge of waste and extravagance, involving the question of abuse of discretion, in connection with the alleged unlawful act of council in levying an excessive tax, necessarily gives equity jurisdiction, as the court of quarter sessions would have no power to review the discretion of council and determine whether or not there was an abuse of it.

The court in Edmunds et al. v. Borough of Nanticoke et al. was passing on an ordinance within the borough code, whereas here it is charged that the tax levy of 17 mills is outside the borough code. Besides, extravagance, waste, and abuse of discretion alleged in this bill indicate that appeal from the ordinance would not be a full and adequate remedy.

In Parkin v. New Kensington Borough, 262 Pa. 433, 435, it was said:

". . . if the act of assembly authorizing the enactment of the ordinance provides a full and adequate remedy, equity would have no jurisdiction."

In Frederick's Estate, 23 D. & C. 475, at p. 479, it is said:

"When the act of tax officers is lawful, but is done in an oppressive or unfair manner, the taxpayer's remedy is by the appeal provided by the statute. The tax officers' act cannot be attacked collaterally. But when tax officers attempt to enforce collection of taxes which they have no power to impose, the situation is different. Collateral attack is permissible. Thus, there is a clear right to an injunction to restrain such illegal act: Conner's Appeal, 103 Pa. 356 (1883); Appeal of Harper et al., 109 Pa. 9 (1885); Chevra Achewa Chesed Anshe Cheval v. Philadelphia et al., 116 Pa. Superior Ct. 101 (1935)."

We are of opinion that these considerations distinguish this case from Edmunds v. Nanticoke Borough and the other cases holding that the remedy by appeal from the ordinance is exclusive.

Now, May 18, 1939, preliminary objections to plaintiffs' bill are overruled and defendants are directed to make answer to plaintiffs' bill as required by the equity rules. Preliminary injunction is continued until further order.

*Decision on motion to dissolve*

FARRELL, J., August 25, 1939.—A preliminary injunction was granted April 8, 1939, on taxpayers' bill filed by plaintiffs to restrain defendants from expending moneys for salaries, commissions, and other expenditures and from levying and collecting a borough tax of 17 mills; plaintiffs alleging the proposed expenditures to be grossly extravagant and an abuse of official discretion and that the proposed tax of 17 mills was unlawful and excessive.

Defendants filed a motion to dissolve the preliminary injunction, averring in paragraph 3 of said motion that the tax ordinance objected to in the bill has since been

amended by council "so as to levy a millage of seventeen (17) mills, with the millage divided proportionately for general purposes of the borough, furnishing light and for paying off the bonded indebtedness of the borough", and further averring that the amendment makes the levy legal. An answer has also been filed by defendants denying most of the material averments of the bill and asking that the same be dismissed.

Plaintiffs' testimony taken upon the motion to dissolve fails to sustain any of the grounds averred in the bill upon which the preliminary injunction was granted. The matters complained of were, in our judgment, within the sound discretion of the proper officers of the borough and no abuse has been shown to call for the intervention of a court of chancery.

Now, August 25, 1939, defendants' motion is allowed and preliminary injunction is dissolved.