## Ridgway Borough Ordinance

*John H. Cartwright*, for petitioner.
*Paul B. Greiner*, for respondent.

TRAMBLEY, P. J., August 23, 1957.—This case is before the court on preliminary objections filed by respondent to plaintiff's petition for a declaratory judgment asking the court to enter its judgment or decree construing the legality of Ordinance no. 343, enacted and approved by the town council and the chief burgess of the Borough of Ridgway on March 19, 1956, which ordinance is an amendment to Ordinance no. 320 of the Borough of Ridgway enacted and adopted by the town council and chief burgess of the Borough of Ridgway on October 8, 1951.

Ordinance no. 320 establishes a board of health and health officers for the Borough of Ridgway, makes regulations with regard to health and sanitation for the Borough of Ridgway and provides penalties for the violation thereof. Ordinance no. 343 amends Ordinance no. 320 in certain respects.

It is not necessary to discuss the allegation of facts set forth by petitioner as the preliminary objections raise only the question of jurisdiction which is a question of law.

Before proceeding to determine the issue presented in a petition for a declaratory judgment, the court must first determine if it has jurisdiction of the case: Anderson, Declaratory Judgments, 2d Edition, vol. 1, §106, n. 33; Cross v. Cross, 20 N. J. Misc. 359, 27 A 2d 877. Even then it lies within the discretion of the court to say whether it will exercise such jurisdiction.

Respondent claims that the court of common pleas has no jurisdiction of this proceedings because of the provisions of The General Borough Act of May 4, 1927, P. L. 519, sec. 1010, 53 PS §46010, as amended, which read as follows: "Complaint as to the legality of any ordinance or resolution may be made to the court of Quarter Sessions, upon entering into recognizance with sufficient security to prosecute the same with effect and for the payment of costs, by any person aggrieved, within thirty days after any ordinance or resolution takes effect, and the determination and order of the court thereon shall be conclusive." The balance of the section does not concern here.

Petitioner claims that this provision of the code does not apply to him as he is not a person aggrieved by the ordinance. In Webster's New International Dictionary, 2d Edition, Unabridged, page 49, the word "aggrieved" in law is defined as "adversely affected in respect of legal rights; suffering from an infringement or denial of legal rights." Petitioner cites Solar Electric Company's Appeal (No. 1), 290 Pa. 156, 165.

That proceeding was not an action to test the validity of the ordinance but an action for the appointment of viewers under an ordinance. In it a borough, mistaking the power given it by a statute, attempted to take over respondent's property and plant. The ordi-

nance, by its terms, did not undertake to condemn respondent's plant and property. Hence the court held that respondent could, in the proceedings begun by the borough, contest the validity of the ordinance as it was not strictly a person aggrieved by the enactment of the ordinance as it would not be adversely affected until some action was begun under the ordinance.

In this case, however, petitioner was adversely affected as soon as the ordinance was passed as it immediately put into force regulations and limitations on a business he had been conducting for some time.

In construing the above section of the Borough Code, our appellate courts have made a distinction between proceedings which are brought under the ordinance and those brought against its validity, holding that as to the former the above cited provision of the Borough Code does not apply but that as to the latter it does: Wright v. France, 279 Pa. 22, 24; In re Borough of State College, 104 Pa. Superior Ct. 211, 215.

Here petitioner has instituted proceedings to test the legality of the ordinance by a declaratory judgment action. This is improper as a specific remedy is provided by statute. In an almost identical case decided by President Judge Knight of Montgomery County, October 3, 1950, it was held that the court of common pleas had no jurisdiction of a declaratory judgment proceeding to test the legality of an ordinance because a specific remedy is provided by statute: Logan v. Upper Moreland Township, 76 D. & C. 579. In that case, referring to an almost identically worded statute, Judge Knight said: "The act above referred to provides a complete and adequate method of testing the legality of the ordinance in question. We are, therefore, of the opinion, that the common pleas court has no jurisdiction."

With this opinion of Judge Knight we are in accord. We, therefore, hold that the court of common pleas

has no jurisdiction in this case and, therefore, make the following

<em>Order</em>

Now, August 23, 1957, the preliminary objections are sustained and the petition for a declaratory judgment is dismissed.