Township of Franklin *v.* Borough of Delmont.

Argued June 4, 1971, before Judges CRUMLISH, JR., MANDERINO and ROGERS, sitting as a panel of three.

*Henry A. Hudson, Jr.,* with him *Costello & Snyder,* for appellant.

*Robert Y. Cassol,* with him *Redlich, Cassol, Redlich & Morocco,* for appellees.

OPINION BY JUDGE ROGERS, July 8, 1971:

On December 19, 1969, the council of the Borough of Delmont adopted and its mayor approved an ordinance which annexed to the borough about 232 acres of land theretofore situate in the Township of Franklin. A certified copy of the ordinance was filed in the office of the clerk of courts, notice given to the Westmoreland County Election Board, and the ordinance advertised all on January 16, 1970. On January 27, 1970, the Township of Franklin filed its complaint as to the legality of the ordinance and a bond, without surety, to prosecute the complaint with effect and for the payment of costs. Upon proper application of the borough and after argument the court below quashed the township's complaint. We affirm.

The Borough Code, 1966, February 1, P. L. (1965) 1656, Section 1010, 53 P.S. 46010 effective when this proceeding was instituted required that complaint as to legality of an ordinance should be made within thirty days after the enactment of the ordinance complained of.[1] The date of enactment of a borough ordinance is the date of its approval by the mayor. The Borough Code, *supra,* Section 1007, 53 P.S. 46007; *see Cooke v. Borough of Greenville et al.,* decided June 7, 1971, 2 Pa. Commonwealth Court 417,    A. 2d    (1971). Hence, this complaint made January 27, 1970 as to the legality of an ordinance enacted December 19, 1969 was not timely. In re: *Filing of Ordinance by the Bor-*

---

[1] By amendment of 1970, December 10, P. L.    , No. 286, the time for making complaint was extended to the period within thirty days after the advertisement of the ordinance.

*ough of State College,* 104 Pa. Super. 211, 158 A. 298 (1932).

The Borough Code, *supra,* Section 1010, 53 P.S. 46010, requires that "recognizance with sufficient security" be entered. The phrase "with sufficient security" means sufficient sureties. *Appeal of Borough of Irwin,* 171 Pa. Super. 256, 259, 90 A. 2d 365, 367 (1952). The bond filed here contains no surety, and is, therefore, fatally defective.

On this appeal, the township repeats the contention that the electorate's adoption on April 23, 1968 of the proposal amending Article IX of the Pennsylvania Constitution repealed the Borough Code provisions as to annexation. *Baldwin Borough Appeal,* 217 Pa. Super. 346, 271 A. 2d 731 (1970) holds that annexation statutes continued in effect at least until two years from April 23, 1968 and that in the absence of legislative action pending proceedings being conducted within the two years period were not affected. We adhere to that holding.

Decree affirmed.