## Devore's Appeal.

56     163
34 SC  468

1. When a borough council attempts to extend its boundaries under the Act of April 3d 1851 (Borough Law), it must appear clearly that they have authority; all the requisites and preceding conditions must be shown, with reasonable certainty, to have existed.

. 2. The twenty petitioners for the extension must be owners of the lots, &c., to be included, and all residents thereon.

November 2d 1867.   Before Thompson, Strong, Read and Agnew, JJ.   Woodward, C. J., absent.

Appeal from the decree of the Court of Common Pleas of *Westmoreland county*.   In Equity.   No. 34 to October and November Term 1867.

On the 6th of October 1866 James Shields and others presented their bill against J. E. Devore and others, burgess and council of the borough of Mount Pleasant, setting forth that the complainants were owners of certain lots, outlots and farm land in Mount Pleasant and East Huntingdon townships, adjoining the borough of Mount Pleasant; that the burgess and town council of the borough, by ordinance on the 17th of July 1866, extended the limits of the borough, including the lots, outlots and farm land of the complainants and others, and declared the same within the extension to be subject to the jurisdiction of the borough; that the petition upon which the extension was ordained was not signed by twenty residents on the extension,—with other immaterial allegations; they prayed that the defendants may be restrained from exercising the jurisdiction of the borough over the extension, and that the ordinance may be decreed to be void.

The defendants answered, setting forth the creation of the borough on the 7th of February 1828, that under the Act of April 3d 1851, regulating boroughs by the decree of the Court of Quarter Sessions, on 31st of August 1852 the borough had become subject to the provisions of the act; that upon the petition of not less than twenty freehold owners of lots or outlots and other tracts of land lying adjacent to the borough, the burgess and town council, on the 17th of July, passed an ordinance including the lands shown in an annexed draft, as part of the borough;

and declared that the lands and the persons residing thereon, should thenceforth be a part of said borough, &c. ; "that seventeen of the petitioners were freehold owners and residents on the land embraced within the parts incorporated into the old borough ; that eighteen were freehold owners of outlots within the limits of said extension, and residents of the old borough," &c., &c.

The court decreed a perpetual injunction against the defendants as prayed for in the bill. From this decree the defendants appealed to the Supreme Court, and assigned the decree for error.

*H. M. Laird* (with whom was *H. O. Marchand*), for appellants, cited Act of April 3d 1851, § 30, Purd. 116, pl. 10, Pamph L. 325.

*H. D. Foster* (with whom was *J. A. Logan*), for appellees, cited Borough of West Philadelphia, 5 W. & S. 283; Borough of Little Meadows, 4 Casey 266; s. c. 11 Id. 336; Act of April 3d 1851, § 30, *supra*. .

The opinion of the court was delivered, November 7th 1867, by
STRONG, J.—The power which by the 30th section of the Act of Assembly of April 3d 1851, entitled "An act relating to boroughs," is conferred upon the burgess and town council, is a very large and unusual one. Generally the formation and regulation of municipal districts within the Commonwealth, and the extension or contraction of their boundaries, have been by direct action of the legislature. They have not often been committed to merely local authorities. When, therefore, the burgess and town council of any borough attempt to extend its boundaries, and to embrace within them a new section of adjacent territory, it ought to appear clearly that they have authority for their action. All the requisites and preceding conditions which the legislature has prescribed for the exercise of the power must be shown to have existed, and this must be shown with reasonable certainty. The difficulty in this case is to ascertain what are the conditions attached to the power. The act prescribes that the burgess and town council of any borough shall have power, and they are directed, on petition of any number not less than twenty of the freehold owners of lots, outlots or other tracts of land in any section lying adjacent to said borough, to declare by ordinance the admission of the section on which such petitioners and others reside ; whereupon the said section shall for ever thereafter be deemed, taken and allowed to be a part of the said borough. It is not to be denied that the enactment is obscure. Must twenty of the petitioners be resident upon the section of adjacent territory, for the admission of which they petition, or is it sufficient if

they are all freehold owners, and only some of them residents upon the section ? This is the precise question presented by the record now before us. To answer it we must look at the statute as a whole. This is the only safe mode of interpreting any act of the legislature. It is obvious that the leading purpose of the act is to provide for the addition of a section of territory to an existing borough. Subordinate but ancillary to this is the definition of the mode in which the paramount object is to be accomplished. But what section is to be added ? The answer of the statute is, that section upon which the petitioners for the enlargement of the boundaries of the borough, and possibly other persons, reside. No power is conferred upon the burgess and town council to declare any other section admitted.

Looking now for the mode of proceeding prescribed, we find that to justify an ordinance declaring the territory admitted, there must have been a petition signed by not less than twenty freehold owners of lots or outlots, or other tracts of land lying adjacent to the borough. The act requires no more than twenty petitioners, and it is the qualifications of those twenty exclusively that it regards. They must be freehold owners of lots or outlots, or other lands adjacent to the borough. True, it is not expressly said they must be both owners of the lots, &c., and residents thereon, but this seems to be a necessary implication. For if not, the petitioners may be residents of another county remote from the borough, and yet if freehold owners of lots adjacent to the borough, they fulfil the conditions upon which the burgess and town council are empowered and required to act. Then it would be the duty of those borough officers to declare the remote lands upon which they reside a part of the borough. This clearly was not in contemplation of the legislature. It is plain that the intention was to provide for the extension of the boundaries only over the lots, outlots and other lands constituting a section, and spoken of as adjacent. Hence it necessarily results that, as there is no power to admit any other section than that upon which the petitioners and others (if others be resident on the section) do reside, and as the section must be an adjacent one, it is an indispensable qualification of the petitioners that they be residents upon that section. And it equally follows that if it be a qualification it attaches to all the twenty petitioners. Suppose ten petitioners reside on the adjacent section and ten on another section on the opposite side of the borough, which section shall be admitted ? The statute does not determine unless it means that all must be residents of the one section proposed to be incorporated. We do not feel the force of the suggestion that the word " such" may be translated into the words " of that kind ;" for if it be, it cannot make any difference in the construction of the law. Let it read that the borough authorities may declare the

admission " of the section on which petitioners of that kind and others reside." Then the section meant becomes altogether uncertain. Such a construction would be most unreasonable. We cannot agree that this is the meaning of the word " such," in the connection in which it was used. It was intended as demonstrative, pointing directly to the twenty petitioners previously mentioned.

We hold, then, that to warrant any burgess and town council to declare by ordinance the admission of an adjacent tract of land into the limits of a borough, the petition therefor must have been signed by twenty freehold owners of the lands or parts of the lands proposed to be included, all of which petitioners must be residents on those lands.

As there were only seventeen such petitioners for the enlargement of the borough of Mount Pleasant, the burgess and town council had no authority for the ordinance they passed. The decree of the court below was therefore correct.

The decree of the Court of Common Pleas is affirmed, and the appellants are ordered to pay the costs.