# Clairton Borough.

*Boroughs—Annexation of adjacent territory—Appeals—Quarter sessions —Acts of June 2, 1871, P. L. 283 and April 22, 1903, P. L. 247.*

The Act of April 22, 1903, P. L. 247, relating to the annexation of adjacent territory to boroughs, repeals the Act of June 2, 1871, P. L. 283, sec. 4, giving the right of appeal to the quarter sessions.

When the record of annexation proceedings is filed in the court of quarter sessions as provided by the Act of April 22, 1903, P. L. 247, the court has jurisdiction only to pass upon any irregularity in the record itself, upon the application of a party in interest. It cannot go behind

the record and open up the proceedings for the purpose of determining whether or not the town council had acted upon good and sufficient grounds, had properly considered the facts involved, or had exercised a proper discretion in the passage of the ordinance providing for annexation.

Since the passage of the Act of April 22, 1903, P. L. 247, the remedy of a party aggrieved may be by a bill in equity in the common pleas for relief from the attempted extension of the boundaries of the borough.

Argued Dec. 10, 1906.   Appeal, No. 55, April T., 1907, by J. O. Percival, from order of Q. S. Allegheny Co., Sept. T., 1905, No. 35, quashing an appeal in the matter of the annexation of a part of Jefferson township in the borough of Clairton.    Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.    Affirmed.

Appeal in proceedings to annex territory to a borough.

From the record it appeared that a petition was filed by certain freeholders of Jefferson township praying that the proceedings annexing certain territory of the township to the borough of Clairton be declared void.   The borough of Clairton filed an answer to the petition.   A commissioner was appointed who took testimony and filed a report thereon, recommending the dismissal of the appeal.   On exceptions to the report the court made the following order : " And now, June 18, 1906, it is ordered that the appeal in this case be quashed."

*Error assigned* was the order of the court.

J. P. *Hunter*, of *Schoyer & Hunter*, with him *McIlvain, Murphy & Jones*, for appellants.—If jurisdiction is conferred upon a court in respect to any matter, and conditions precedent are necessary to the exercise of that jurisdiction, the court can inquire into the validity of the matters conditional upon which such jurisdiction is had : Devore's App., 56 Pa. 163 ; Little Meadows Borough, 28 Pa. 256 ; Incorporation of Osborne Boro., 101 Pa. 284; Incorporation of Versailles Borough, 159 Pa. 43 ; West Phila. Borough, 5 W. & S. 281 ; South Chester Borough, 5 Del. Co. 281 ; Corry v. Corry Chair Co., 18 Pa. Superior Ct. 271 ; Hershberger v. Pittsburg, 115 Pa. 78 ; Erie v. Willis, 26 Pa. Superior Ct. 459.

The court of quarter sessions had jurisdiction to entertain this proceeding under the 27th section of the act of 1851, as amended by the Act of May 22, 1883, P. L. 39 : McConnell's Est., 5 Pa. Superior Ct. 120 ; Hendrix's Account, 146 Pa. 285 ; Com. v. Vetterlein, 21 Pa. Superior Ct. 587 ; Pittsburg's App., 79 Pa. 317.

*Thomas M. Gealey*, with him *Reed, Smith, Shaw & Beal*, and *David A. Reed*, for appellee.

OPINION BY BEAVER, J., October 7, 1907 :

In Donora Borough's Appeal, 26 Pa. Superior Ct. 300, and in Washington Borough Extension, 26 Pa. Superior Ct. 296, we held, that " The Act of April 22, 1903, P. L. 247, completely changes the mode of annexing adjacent territory to a borough and repeals the Acts of April 3, 1851, P. L. 320, sec. 30, June 2, 1871, P. L. 283, sec. 4, July 15, 1897, P. L. 296, and April 6, 1899, P. L. 33."

In the Donora Borough case, Judge McILVAINE, who heard the case below, said : " As we view the law, it is this : The 30th section of the act of 1851, supra, ' directed and required ' the borough council to annex adjacent territory, upon the presentation of a petition, and there was no appeal, unless it be under the provisions contained in section 27 of that act, paragraph II. The council had no discretion and could not consider the question of the expediency of annexing the territory. The minority had no tribunal at which they could be heard on this question. The act of 1871 allowed them an appeal, so that they could be heard before the grand jury and court. The purpose of the act of 1903, as we view it, was to take away this right of appeal and opportunity to be heard before the grand jury and court, and in lieu thereof give the borough council power to pass an ordinance of annexation or to defeat it, so as to afford those interested against annexation a tribunal where they could be heard. In other words, the borough counsel was made the sole tribunal at which the question of the expediency of annexation could be heard."

We confined ourselves, in our opinion, largely to the consideration of the question of the inconsistency between the Acts of June 2, 1871, P. L. 283, sec. 4, which provided for an appeal,

from the action of the town council in annexing territory, to the court of quarter sessions, and the act of 1903, supra, which omitted the provision relating to the right of appeal, and pointed out that, under the second section which distinctly repeals all acts or parts of acts inconsistent with the latter, the act of 1871, allowing such appeal, was distinctly repealed, and referred with approval to the opinion of the court below.

We said further : " If, as intimated by the court, there should be any invalidity in the ordinance or if any of the provisions of the act were not fully complied with, the court of quarter sessions could be called upon by appeal to determine whether or not the steps required to constitute a legal admission of an outlying territory into the borough had been properly taken."

The appellants in this case construe the latter declaration to decide that the court of quarter sessions has the right to allow an appeal, and, upon its consideration, to go behind the record, inquire into the facts and determine whether or not the borough council had properly exercised the discretionary power vested in it by the terms of the act under consideration. The power to take an appeal from the action of the borough council, however, was entirely taken away by the repealing clause of the act of 1903, which, as we then pointed out, repealed the act of 1871, under which such an appeal was allowed.

The act of 1903 provides : " Whenever the borough or town authorities shall extend the limits of such borough or town, as aforesaid, they shall file, in the court of quarter sessions of the proper county, a plan or plot, showing the boundary both of the original borough or town and of the section admitted, together with the certified copy of the ordinance, and a description of the boundaries both of the original borough or town and of the borough or town as extended, giving the courses and distances in words at length; which section shall, after the filing of the matter as aforesaid, be deemed part of said borough or town, and subject to its jurisdiction and government."

The filing· of the plot or plan provided for in this section constitutes a record of the court of quarter sessions and is, of course, under the control of that court. If, therefore, there should be any irregularity in the record itself, it seems to us that the court might take cognizance thereof, upon formal application by any person interested, or under the provisions of

section 27, paragraph 2, of the general borough act of 1851. Such application or complaint or such an appeal, if it can be so called, could, however, in the nature of the case, as we view it, relate only to the irregularity of the record. Upon inquiry by the court, it would be in effect a certiorari, bringing up the record, it is true, but such inquiry would be necessarily confined to a consideration of its regularity. It would confer no power upon the court to open up the proceedings for the purpose of determining whether or not the town council had acted upon good and sufficient grounds, had properly considered the facts involved, or had exercised a proper discretion in the passage of the ordinance providing for annexation. To hold otherwise would be a practical nullification of the repealing clause of the act of 1903 and would give full effect to the act of 1871.

We are not to be understood, by what has been said, as intimating that the appellants here have no remedy. Devore's Appeal, 56 Pa. 163, was express authority for the right of persons aggrieved to resort to the common pleas in equity for relief from the attempted extension of the boundaries of the borough of Mount Pleasant, under the provisions of the act of April 3, 1851. That remedy is, of course, efficacious under the act of 1903 which, as we have heretofore held, repeals the 30th section of the act of 1851. This remedy has lately been resorted to and sustained in the late celebrated case of Sample v. Pittsburg, 212 Pa. 533.

We are not prepared to say that the second paragraph of section 27 of the act of April 3, 1851, as amended by the Act of May 22, 1883, P. L. 39, is not in force and may not be invoked for the purposes therein set forth, but, as we understand it, this section did not confer the right of appeal to the quarter sessions from an ordinance of annexation, so as to enable the court to inquire into the expediency of the action of the borough council in reference thereto. As to the details in the proceedings in the passage of the ordinance we must go back to the act of 1851, and if there had been any fatal defect in the said proceedings as prescribed in said act, a party aggrieved might perhaps by complaint to the court of quarter sessions have the matter inquired into. In such a case, however, the action of the court as provided in the act itself would be conclusive.

We have no intimation here as to the ground upon which the apppeal, which was specially allowed by the court of quarter sessions, was quashed. A commissioner was appointed who inquired into the facts and made a report. Whether or not the court considered these facts in reaching its conclusion or whether, upon an examination of the record, it became satisfied that all the steps necessary to be taken to annex the part of Jefferson township to the borough of Clairton, which was declared annexed by the borough ordinance, had been taken, which is the more likely, we cannot say; but, upon an examination of the record, we fail to find any irregularity whatever and, therefore, presume that the court quashed the writ on the ground that the proceedings were regular, and that their authority went no further. If in this we are correct, we are satisfied that the court acted within the scope of its authority and properly disposed of the so-called appeal.

The decree is affirmed and the appeal dismissed at the costs of the appellants.