# Beaver Borough, Appellant.

*Boroughs—Annexation of territory—Townships—Practice, Q. S.—Appeals.*

An appeal from the decision of the action of borough authorities annexing the territory adjacent, as outlined in a plot or plan filed in the court of quarter sessions, is not subject to appeal so as to enable the court under the provisions of the Act of April 22, 1903, P. L. 247, to inquire into the validity of the proceedings themselves, or to review the judgment of the borough authorities in relation thereto.

Argued May 13, 1907. Appeal, No. 39, April T., 1907, by J. A. Sutherland et al., from order of Q. S. Beaver Co., Dec. Term, 1905, No. 29, dismissing petition for appeal in the matter of annexing territory to Beaver Borough. Before RICE, P. J., HENDERSON, ORLADY and BEAVER, JJ. Affirmed.

Petition for appeal. Before O'CONNOR, P. J., specially presiding.

*Error assigned* was the order of the court.

*D. A. Nelson*, for appellant.

*J. L. Holmes*, with him *W. S. Moore*, for appellee.

OPINION BY BEAVER, J., October 7, 1907:

This case does not differ in any essential respect from Donora Borough's Appeal, 26 Pa. Superior Ct. 300, and Washington

Borough's Extension, 26 Pa. Superior Ct. 296, and Clairton Borough Annexation, in which latter case an opinion has this day been filed.

What is said in Clairton Borough Annexation applies here. What we decided there and what we decide here is that the court of quarter sessions has no authority, upon appeal, such as we have here, to inquire into the regularity of the steps taken by the borough authorities looking toward annexation, nor with the conclusion reached by them in the exercise of their discretion, as embodied in the ordinance providing therefor.

The Act of June 2, 1871, P. L. 283, expressly allowed such an appeal, but this act, as we have held, was repealed by the Act of April 22, 1903, P. L. 247, under which these proceedings were held. Although the constitutionality of the latter act was not distinctly raised in any of the cases referred to, we have no doubt whatever in regard thereto. The fact that the municipal authorities may do an unwise thing under the provisions of an act of assembly is not an argument against its constitutionality.

The court below did not hold, or even intimate, that the appellants were without remedy. What was held, and as we think rightly held, was that an appeal from the decision of the action of the municipal authorities, annexing the territory adjacent to the borough of Beaver, as outlined in the plot or plan filed in the court of quarter sessions, was not subject to appeal, so as to enable the court to inquire into the validity of the proceedings themselves, or to review the judgment of the municipal authorities in relation thereto. As pointed out in the Clairton Borough case, persons aggrieved by the action of the municipal authorities may, by bill in equity, as in Devore's Appeal, 56 Pa. 163, inquire, through the court of common pleas, as to the authority for, and the regularity of, the proceedings under which the annexation took place.

It is not necessary to recapitulate what has been said in the preceding cases. We think that what has been said therein fully covers all the questions presented for our consideration herein, except that of the constitutionality of the act, as to which, as already intimated, we have no doubt.

Decree affirmed and appeal dismissed at the costs of the appellants.