# In re Annexation of a Portion of Porter Township to the Borough of Jersey Shore.

*Boroughs — Annexation of territory — Validity of proceeding— Method to determine—Act of May 14, 1915, P. L. 312 (Borough Code).*

The legality of proceedings to annex territory adjacent to a borough, under sections 18 and 19 of chapter III, of article I, of the Act of May 14, 1915, P. L. 312 (Borough Code), may be tested by the freeholders of the annexed territory upon an attempt of the borough to enforce an ordinance relating to the annexed territory. Such a remedy may be invoked by the party aggrieved whenever the ordinance is attempted to be enforced, and proceedings must not necessarily be brought to the next term of the court of quarter sessions following the passage of the ordinance.

Under the provisions of section 9 of chapter VII, article I, of the Borough Code, a remedy by complaint to the court of quarter sessions is provided in such case, and this remedy is exclusive. The court may inquire, if the question is raised, whether the petition of the borough was actually signed by a majority of the freeholders of the territory proposed to be annexed, and, whether the ordinance followed the petition and complied with the legal requirements as to its passage, approval and recording; and whether the other requisites relative to filing a certified copy of said ordinance, and the description of plot showing the courses and distances of the boundaries of the borough before and after such annexation in the court of quarter sessions, and notice of such filing given the county commissioners had been complied with. All these matters were the subject of inquiry in a court of equity and are now reviewable by a court of quarter sessions, but it may not, however, substitute its judgment or discretion for that of the borough authorities, as it is concerned only with the legality, and not the wisdom of their action.

Where the complaint to the quarter sessions averred that the petition to the borough council had not been signed by a majority of the freeholders of the territory proposed to be annexed, it was the duty of the court to inquire into and determine this matter if the proceedings were otherwise regular and in conformity with law.

Where the description and plot showing the courses and distances of the annexed territory were not in compliance with the plain mandate of the statute, the order of the court dismissing the petition will be reversed.

Argued November 8, 1920.   Appeal, No. 128, Oct. T., 1920, by Lars Johnson, W. E. Troutman and J. A. Bardo, from judgment of Q. S. Lycoming County, Dec. Sessions, 1918, No. 9, dismissing petition In re Annexation of a Portion of Porter Township to the Borough of Jersey Shore.    Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.   Reversed.

Petition to set aside ordinance annexing a portion of Porter Township, Lycoming County, to the Borough of Jersey Shore.   Before WHITEHEAD, P. J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the petition.   Petitioners appealed.

*Error assigned* was the order of the court.

*T. M. B. Hicks,* and with him *Henry C. Hicks,* for appellants.—The annexation proceedings are void for want of compliance with essential conditions: Whitney v. Jersey Shore, 266 Pa. 537; Borough of Little Meadows, 28 Pa. 256; In re Incorporation of Osborne, 101 Pa. 284; Pittsburgh's App., 79 Pa. 317; Versailles Borough, 159 Pa. 43; W. Phila. Borough, 5 W. & S. 281; McFate's App., 105 Pa. 323; Devore's App., (per STRONG, J.), 56 Pa. 163; Fister v. Kutztown Borough, 49 Pa. Superior Ct. 483; Duquesne Borough, 147 Pa. 58; Edgeworth Borough, 25 Pa. Superior Ct. 554; Moosic Bor-

543, (1921).] Arguments—Opinion of the Court.
ough Incorporation, 12 Pa. Superior Ct. 353; La Porte Borough, 26 Pa. Superior Ct. 333.

The parties aggrieved could appeal to the court of quarter sessions to enforce the annexation ordinance: Parkin v. New Kensington, 262 Pa. 433; Sipe v. Tarentum Borough, 263 Pa. 338; Whitney v. Jersey Shore, 266 Pa. 537; Bethel Township, 1 Pa. 97; Norwegian Township, 20 Pa. 324; Wilkins Township School District, 70 Pa. 108; Stowe Township Division, 23 Pa. Superior Ct. 285.

*Harry C. Fithian,* and with him *Andrew F. Martin,* Borough Solicitor, for appellee.

OPINION BY KELLER, J., March 5, 1921:

This appeal arises from the annexation by ordinance of the Borough of Jersey Shore of a portion of Porter Township upon petition of freeholders of the territory proposed to be annexed, pursuant to the provisions of sections 18 and 19 of chapter III, article I, of the General Borough Act of May 14, 1915, P. L. 312.

The act provides (chap. III, art. I), two methods of annexing territory to a borough on petition of freeholders outside the borough: The first, by action of the court of quarter sessions, with the concurrence of the grand jury, (sections 9-17); the second, by ordinance of the borough, (sections 18 and 19). The latter course was adopted in this case. The necessary steps as fixed in the act are: (1) A petition to the borough council, signed by a majority of the freeholders of adjacent territory proposed to be annexed, asking for such annexation. (2) A valid ordinance duly passed, approved and recorded ordaining such annexation as prayed for. (3) A certified copy of the ordinance together with a description and a plot showing the courses and distances of the boundaries of the borough before and after such proposed annexation must be filed in the court of quarter sessions of the county. (4) A notice of such filing must

also be filed in the office of the county commissioners of the proper county. The adjustment of indebtedness between the borough and the township under both methods of annexation is specifically provided for by chapter IV, article I, sections 13-16, and is to be made by an auditor to be appointed by the court of quarter sessions and subject to its approval.

The annexation of adjacent territory by borough ordinance upon petition of freeholders of the territory proposed to be annexed is not a new thing. It was authorized by the General Borough Act of April 3, 1851, P. L. 320, section 30, and its amendment of July 15, 1897, P. L. 296; but was modified by the Act of June 2, 1871, P. L. 283, (section 4) and its amendment of April 6, 1899, P. L. 33, providing for publication of notice of the action of the borough authorities and an appeal therefrom to the court of quarter sessions. All of these acts were repealed by the Act of April 22, 1903, P. L. 247; Washington Borough, 26 Pa. Superior Ct. 296; Donora Borough, 26 Pa. Superior Ct. 300; which, with its amendment of March 21, 1907, P. L. 25, enacted, in somewhat different arrangement, practically the same provisions as are contained in the General Borough Act of 1915.

Following the judicial construction of these prior acts along the same lines, we are warranted in holding that all the requisites and precedent conditions necessary for annexation of adjacent territory by borough ordinance under the present statute must appear, with reasonable certainty, to have been complied with before such annexation becomes legal and valid: Devore's App., 56 Pa. 163; Fister v. Kutztown Borough, 49 Pa. Superior Ct. 483.

Previous to the Act of 1915, the method sanctioned by the courts and usually adopted of testing the legality of such action of the borough authorities was by bill in equity: Devore's App., supra; Fister v. Kutztown Borough, supra; Clairton Borough, 34 Pa. Superior Ct. 74; Pittsburgh's App., 79 Pa. 317; but the Supreme Court

held in Parkin v. New Kensington Boro., 262 Pa. 433, that a court of equity has no jurisdiction to set aside such annexation proceedings, since section 9, of chapter VII, article I, of the General Borough Act of 1915, provides a remedy by complaint in the court of quarter sessions in such a case, and this remedy is exclusive; and this notwithstanding the fact that section 9, of chapter VII, article I, of the General Borough Act of 1915, is a reënactment, word for word, of section 27, clause 2, of the Borough Act of 1851, as amended by the Act of May 22, 1883, P. L. 39, and was therefore in force and effect when the prior decisions recognizing the jurisdiction of equity in such cases were rendered; but as was pointed out by Mr. Justice MOSCHZISKER in Whitney v. Jersey Shore Borough, 266 Pa. 537, these provisions seem not to have been construed or their effect judicially determined in this connection, though the remedy had been resorted to, inter alia, in Appeal of Borough of Chartiers, 19 W. N. C. 46; Pennsylvania R. R. Co.'s Case, 213 Pa. 373; and Carlisle & Mechanicsburg St. Ry. Co.'s App., 245 Pa. 561.

· The relief furnished by this clause or section of the Act of 1915, must be as full and complete as could have been obtained in equity, otherwise it would not be adequate, and jurisdiction in equity having once attached would not be ousted: Johnston v. Price, 172 Pa. 427. Therefore, in proceedings consequent on such complaint, following annexation by ordinance, the court of quarter sessions may inquire, if the question is raised, whether the petition to the borough council was actually signed by a majority of the freeholders of the territory proposed to be annexed; whether the ordinance followed the petition and complied with the legal requirements as to its passage, approval and recording; and whether the other requisites relative to filing a certified copy of such ordinance, and the description and plot showing the courses and distances of the boundaries of the borough before and after such proposed annexation in the court of quar-

ter sessions and notice of such filing given the county commissioners have been complied with. For all these matters were the subject of inquiry in a court of equity: Devore's App., supra; Pittsburgh's App., supra; Fister v. Kutztown Boro., supra. But, of course, it may not substitute its judgment or discretion for that of the borough authorities; it is concerned only with the legality, not the wisdom of their action: Fister v. Kutztown Boro., supra. It is essential that a liberal construction should be given this section (chapter VII, article I, section 9), with respect to a review of the legality of such annexation proceedings, for since the repeal of the Acts of 1871 and 1899, supra, no notice concerning them is required by the act to be given to persons in the territory affected thereby, and no appeal lies as to the merits, and unless there is some court where inquiry into the legality of the proceedings can be made, such persons are in a bad way indeed.

Section 9, of chapter VII, article I, of the Act of 1915 reads as follows: "Complaint may be made to the next court of quarter sessions, upon entering into recognizance with sufficient security to prosecute the same with effect, and for the payment of costs, by any person aggrieved in consequence of any ordinance, regulation or act done or purporting to be done in virtue of this act, and the determination and order of the court thereon shall be conclusive."

As construed by the learned court below the language would read: "Complaint may be made by any person aggrieved to the next court of quarter sessions following any ordinance, regulation or act done or purporting to be done in virtue of this act, upon his entering into recognizance with sufficient security to prosecute the same with effect and for the payment of costs, and the determination and order of the court thereon shall be conclusive."

We do not think they are identical. As provided in the act, complaint may be made to the next court of

quarter sessions following any grievance consequent upon any ordinance, regulation or act done or purporting to be done under the General Borough Act, and the entry of a recognizance with security to prosecute the same with effect. A party may be aggrieved not by the passage of an ordinance, but by its attempted enforcement. It may be attempted to be enforced years after its passage upon one who was not resident in the borough when it was passed, and who is not aggrieved until such enforcement is attempted; or as here, a nonresident of the borough may have no notice, actual or constructive, of proceedings by a borough until they come to be enforced and if the remedy he formerly would have had in equity under such circumstances is denied him by reason of the fact that no steps were taken by the borough to put the proceedings into force for more than a term after the action was taken, the remedy in the quarter sessions would seem to be very inadequate. Unquestionably if the Act of 1915 had not been passed, under the decisions then in force, these appellants could have filed their bill at the time they filed this complaint, and had a court of equity pass upon the legality of these proceedings. They have not slept on their rights. Complaint was filed in the court of quarter sessions as soon as they had knowledge of the proceedings; as soon as they were aggrieved by their attempted enforcement.

This remedy by complaint in the court of quarter sessions is not limited to annexation proceedings. In Sipe v. Tarentum Borough, 263 Pa. 338, it was held that equity no longer has jurisdiction to enjoin the passage of an ordinance providing for the opening of a private roadway as a public highway, but that the aggrieved party had an adequate remedy by complaint in the court of quarter sessions. It applies, as it purports on its face, to every case where any person is aggrieved in consequence of any ordinance, regulation or act done or purporting to be done in virtue of the General Borough

Act of 1915, and furnishes legal relief for every griev-
ance resulting from a borough ordinance, regulation or
act done in virtue of the Act of 1915, by reason of its
illegality, oppressiveness or unreasonableness, which
was formerly remediable in a court of equity.  Bearing
this in mind it is plain that it must be construed liberal-
ly and in such a manner as to preserve the rights which
were formerly obtainable in equity.

We are of opinion that the court below erred in hold-
ing that the complaint was filed too late because it was
not filed to the next term of court of quarter sessions
following the filing of the certified copy of the ordinance
in the court and notice thereof to the county commis-
sioners, but was only filed to the next term following the
assessment of taxes by the borough assessor and the de-
livery of the tax duplicate and warrant to the borough
tax collector.  No auditor was appointed, as called for
by the act, to adjust the indebtedness between the town-
ship and borough and hence the notice required under
that provision was not given.

We think the case of Whitney v. Jersey Shore Boro.,
supra, practically settles the question as to the accept-
ance by the borough of the Act of 1851; and incidentally
that it supports the view here adopted, for the opinion
writer, the present Chief Justice, says: "In a case of the
character of the one now before us, after the legal status
of the territory embraced in the annexation proceeding is
determined at law, it is hardly conceivable any further
relief in equity will be called for, so far as tax levies are
concerned"; since under the ruling of the court below
it would be impossible ever to determine the legality of
the present proceedings.

The complaint averred that the petition to the borough
councils had not been signed by a majority of the free-
holders of the territory proposed to be annexed.  This
should have been inquired into and determined by the
court if the proceedings were otherwise regular and in
conformity with law.

543, (1921).]        Opinion of the Court.

The description and plot filed in the court of quarter sessions, however, did not comply with the requirements of the act.

The act calls for both a description in writing and a plot showing the courses and distances of the boundaries of the borough before the proposed annexation and after such proposed annexation.

The description and plot filed in this case showed only the courses and distances of the tract proposed to be annexed.  They did not describe, or plot, by courses and distances the boundaries of the borough either before or after the proposed annexation, and therefore were not a compliance with the plain mandate of the act.

The assignments of error are sustained, the order of the court below is reversed and the annexation proceedings filed in the court of quarter sessions subsequent to the approval of the ordinance of October 24, 1918, are set aside.  Costs to be paid by appellee.