### In re: Scottdale Borough Annexation.

*Boroughs—Borough code—Annexation—Land lying in adjoining county—Ordinance—Validity—Jurisdiction of court—Remedy of persons claiming to be aggrieved by annexation ordinance—Time of filing complaint.*

The Borough Code of May 14, 1915, P. L. 312, article 1, chapter 3, sections 18 and 19, as amended by the Act of May 25, 1921, P. L. 1142, provides inter alia, for the annexation of territory located in an adjoining county by borough ordinance upon petition of a majority of the freeholders of the territory proposed to be annexed.

When such annexing ordinance is passed and certified copies thereof are filed in the Courts of Quarter Sessions of each county, as required by section 19, the Court of Quarter Sessions of either county has jurisdiction to pass on the validity of the ordinance.

The remedy for persons aggrieved by the attempted annexation proceedings is exclusively by complaint, under article I, chapter 7, section 9 of the borough code, to "the next Court of Quarter Sessions" and not in equity. "The next Court of Quarter Sessions" is the next session after the ordinance is passed and not the next term after a grievance arises through an attempt to enforce the annexation ordinance.

Argued October 5, 1926. Appeal No. 63, April T., 1927, by the Borough of Scottdale from order of Q. S. Fayette County, March Sessions, C. D., No. 113, In re Annexation of Portion of Upper Tyrone Township, Fayette County, Pennsylvania, to the Borough of Scottdale. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Petition for rule to show cause why a borough ordinance annexing the adjacent territory lying in another

2    In Re: SCOTTDALE BOROUGH ANNEXATION.

county should not be declared void. Before Hudson, P. J., Henderson and Morrow, JJ.

The facts are stated in the opinion of the Superior Court.

Petition by Borough of Scottdale for rule on original petitioners to show cause why their petition should not be dismissed for want of jurisdiction.

Rule discharged. Borough of Scottdale appealed.

*Error assigned*, among others, was the order of the Court.

*John L. Robinson*, and with him *F. B. Folk*, Borough Solicitor, and *John J. Kennedy*, for appellant.

*A. E. Jones*, of *Jones, Whitehill & Lane*, and with him *H. W. Byrne* and *H. George May*, for appellee.

Opinion by Cunningham, J., April 22, 1927:

This is an appeal by the Borough of Scottdale, incorporated in Westmoreland County, Pa., taken under the provisions of the Act of March 5, 1925, P. L. 23, for the purpose of determining preliminarily whether the Court of Quarter Sessions of the adjoining County of Fayette has jurisdiction to hear and determine the complaint of the Supervisors of Upper Tyrone Township, Fayette County, and certain taxpayers resident therein, claiming to be aggrieved in consequence of a certain ordinance enacted on April 7, 1925, by the Borough of Scottdale, annexing to that borough certain adjacent territory within the boundaries of the said Township of Upper Tyrone. On January 13, 1926, the Borough of Scottdale presented its petition to the Court of Quarter Sessions of Fayette County reciting the complaint made by the Supervisors of Upper Tyrone Township et al., against the ordinance of the Borough of Scottdale above mentioned (in which complaint its validity and the authority in law of the bor-

ough to enact it are denied) and averring that the
Court of Quarter Sessions of Fayette County is with-
out jurisdiction to hear and determine the subject
matter of the complaint. It was also averred that the
complainants had not entered into a recognizance as
required by law to prosecute the complaint with effect,
etc. Upon this petition a rule was granted as
contemplated by the Act of 1925, requiring the
complainants against the ordinance to show cause
why their complaint should not be dismissed for want
of jurisdiction in the Court of Quarter Sessions of
Fayette County to hear and determine the same. After
argument upon this rule the Court of Quarter Sessions
of Fayette County, being of opinion that it had juris-
diction, directed the recognizance to be filed nunc pro
tunc and discharged the rule. From that order dated
July 8, 1926, we have this appeal. It is alleged in the
assignments of error that the court erred in making
this order because it (a) does not have jurisdiction to
hear and determine the complaint asking it to declare
this ordinance of the Borough of Scottdale void, and
(b) did not have power to permit the recognizance to
be filed nunc pro tunc. The first proposition is the
controlling question upon this appeal. No question
with respect to the validity of the ordinance, or the
power of the borough to enact it, is now involved.
These matters cannot be determined until the question
of jurisdiction has been settled. We are now con-
cerned only with the single question whether the Court
of Quarter Sessions of Fayette County has jurisdiction
over the subject matter of the complaint filed pursuant
to the provisions of the 9th Section of Art. 1 of Chap.
7 of the Borough Code of May 14, 1915, P. L. 312, 393,
by certain officials and individuals alleging that they
have been "aggrieved in consequence of" the enact-
ment of the ordinance. In this connection it is proper
to observe that the suggestion in the opinion of the

learned judge of the court below, and in the argument in behalf of the appellees,—to the effect that the Borough of Scottdale by appearing and filing its answer to a certain rule hereinafter referred to, granted May 12, 1925, and requiring said borough to show cause why the ordinance should not be declared invalid, has conferred jurisdiction upon the Court of Quarter Sessions of Fayette County—is not tenable.

It entirely overlooks ,the distinction between the jurisdiction of a court over the subject matter of the litigation and its jurisdiction over parties. This is not merely a case of defective service, or lack of a return by the sheriff of service of the rule, but an alleged lack of jurisdiction over the subject matter. "Objections to jurisdiction are of two classes between which there is a clear and well-settled distinction, first, those relating to the authority of the court over the subject-matter, and, secondly, those relating to its authority over the parties. Objections of the first class cannot be waived nor jurisdiction obtained by acquiescence": Commonwealth v. Barnett, 199 Pa. 161, 177; re-affirmed in Lewisburg Bridge Co., App., v. Union and Northumberland Counties, 232 Pa. 255, 262; English v. English, 19 Pa. Superior Ct. 586. If the court below does not have jurisdiction of the subject matter it could not be conferred by consent of the Borough of Scottdale and it is therefore unnecessary to consider the question whether the entering of an appearance and the filing of an answer by the officers of a municipal corporation would have the same effect as these acts would have when done by a natural person or a private corporation.

The question now involved arises out of the fact that the Borough of Scottdale has, by action of its council, undertaken to annex for "all purposes pertaining to boroughs, schools (except the entering of tax and other liens), elections, and the assessment and collection of

taxes'' certain territory containing about thirty-six acres and forming a part of Upper Tyrone Township in the adjoining County of Fayette. The supervisors of this township and certain taxpayers resident therein believe and contend that the ordinance is invalid for a number of reasons and that they have been aggrieved by this action on the part of Scottdale Borough. . They desire to have their complaint adjudicated by a court of competent jurisdiction.

Has the Court of Quarter Sessions of Fayette County jurisdiction to hear their complaint and determine their rights? This is the sole question involved on this appeal. The learned counsel for appellant argue in their brief that the complainants are not ''persons aggrieved,'' within the meaning of the above mentioned section of the Code, as an additional reason against the jurisdiction of the court below, but this question is not raised by the assignments and this appeal should be determined upon the broad ground of jurisdiction of the subject matter of the litigation. Assuming, as did the court below, that the provisions of the Borough Code of 1915 are applicable to the Borough of Scottdale, we turn to a consideration of the power of a borough to change its limits by the annexation of adjacent territory situate in an adjoining county, the methods by which that power may be exercised, and the remedy provided for persons aggrieved by its exercise. By the Borough Code of May 14, 1915, P. L. 312, the Legislature has provided a comprehensive system for the annexation of adjacent territory to a borough when the territory proposed to be annexed is in the same county and also when it is in an adjoining county. Two different and distinct methods of procedure are provided in each case. Under the first method the initiative is to be taken by ''a majority of the freeholders residing within the territory to be annexed'' in case that territory is in

the same county, or by "a majority of the taxable inhabitants" of such territory if it is in an adjoining county. When the territory is in the same county the method of instituting the proceeding is by petition to the Court of Quarter Sessions of that county, which, in the manner provided by Sections 9 to 12 of Art. 1 of Chap. 3 of the Code (P. L. 323), and with the concurrence of the grand jury, may decree the annexation. We are not concerned in this case with that method as the territory here proposed to be annexed is in an adjoining county. By Sections 13 to 17 of said article and chapter (P. L. 324), the first method for the annexation of territory in an adjoining county is prescribed. Under that method, upon presentation to the Court of Quarter Sessions of each county of a petition signed by "a majority of the taxable inhabitants" of the territory to be annexed each court shall appoint one person as a commissioner and the commissioners so chosen shall select an additional one who shall be a surveyor. Notice of the intended application is required to be given by publication. The commissioners are required to report to each court, and if the commissioners favor the proposed annexation their reports are to be accompanied by a plot showing the boundaries of the territory proposed to be annexed and the quantity of land therein contained. By Section 16 it is provided that "Any person interested may petition any of the courts at the term to which the respective report is made for a rule on any two or more persons signing the original petition to show cause why the report should not be approved," etc. By Section 17 it is enacted that "If each of the courts shall approve the report of the commissioners, the whole proceeding shall be entered on the record of each court, and the territory annexed shall be a part of the borough." This is the method prescribed by the Legislature

where the taxable inhabitants of the territory proposed to be annexed take the initiative and institute the proceedings in the Court of Quarter Sessions in each of the counties concerned. Under it no consideration is given to the attitude of the authorities of the borough to which the territory is to be annexed toward the proposition, and if the report of the commissioners is favorable to the proposed annexation and each of the courts approves such report the territory is annexed regardless of the attitude or desires of the town council. It is perfectly clear that under this method the respective Courts of Quarter Sessions of each county have expressly been given equal jurisdiction with respect to the entertaining of the petition, the appointment of commissioners and the approval of their report. If this method had been adopted by the persons seeking to procure the annexation of the territory involved in this case we would have no question about the jurisdiction of the Court of Quarter Sessions of Fayette County to hear and determine the subject matter of the present litigation. The second method provided by the Legislature (and which is applicable whether the territory to be annexed is located within or without the county in which the borough was incorporated) is prescribed by Section 18 of said article and chapter of the Code and by Section 19 thereof, as amended by the Act of May 25, 1921, P. L. 1142. By this second method, which was the plan adopted in this case, (and confining ourselves to the provisions applicable when the territory proposed to be annexed is in an adjoining county) the Legislature has prescribed that any borough "upon petition of a majority of the freeholders of the territory proposed to be annexed" may by ordinance annex such territory. Here the borough council determines whether it is desirable to annex a portion of an adjoining county for borough purposes. No action by any court or grand jury is required or authorized. The borough authorities de-

termine all the questions which under the other method are committed for determination to the commissioners, subject to the approval of the Courts of Quarter Sessions of the respective counties. There is no provision under the method adopted in this case for doing anything in any court until after the council has by ordinance decreed the annexation. By Section 19, as amended, it is provided that

"A certified copy of the ordinance, together with a description and a plot showing the courses and distances of the boundaries of the borough before and after such proposed annexation, shall be filed in the Court of Quarter Sessions of the county, or, in case the land proposed to be annexed is situate in an adjacent county, then in the courts of both counties. A notice of such filing shall also be filed in the office of the county commissioners of the proper county. Thereupon the territory proposed to be annexed shall be a part of the borough; * * * * * * * * * * *.

"Where lands are annexed to a borough of an adjoining county, such lands shall thereupon be held to be in the county in which said borough was incorporated for all purposes pertaining to boroughs, schools (except the entering of tax and other liens), elections, and the assessment and collection of taxes, but for all other purposes shall be considered to be in the county of its location as if the said annexation had not been made.

"The proper officials of the county in which the annexing borough is located shall account to the county treasurer of the county in which the annexed land is situated for such county, poor, or other tax as may lawfully belong to the said county, first deducting the commission allowed by law for the collection of taxes."

The only thing required with respect to any court is that where the land to be annexed is located in an adjoining county a certified copy of the ordinance, to-

gether with a description and plot, shall be filed in the Court of Quarter Sessions of each county. Notice of such filing is also to be filed in the office of the county commissioners "of the proper county." The amendment of 1921 is evidently intended to define the status with respect to taxation, etc., of lands annexed to a borough in an adjoining county regardless of the method by which such lands were annexed. No judicial action of any kind is required under this method to be taken by the Court of Quarter Sessions of either county in order to effect the annexation. By the express provision of Section 19 the territory becomes a part of the borough upon the filing of the certified copy of the ordinance in the Court of Quarter Sessions of both counties and filing notice of such filing in the office of the county commissioners.

These provisions of the Code relative to changing the limits of a borough by the annexation of territory situated in an adjoining county are not new but are substantially reenactments of the Acts of June 8, 1874, P. L. 281, and April 22, 1903, P. L. 247, as supplemented by the Act of March 21, 1907, P. L. 25, and (as provided in Section 3 of Art. 1, Chap. 1 of the Borough Code P. L. 314), are to be considered as a continuation of the prior laws and not as new enactments.

The remedy for persons claiming to be aggrieved in consequence of the enactment by any borough of any ordinance under the authority of the Code is provided by Sec. 9 of Art. 1 of Chap. 7 thereof (P. L. 393). By this section it is enacted that "Complaint may be made to the next Court of Quarter Sessions, upon entering into recognizance, with sufficient security to prosecute the same with effect, and for the payment of costs, by any persons aggrieved in consequence of any ordinance, regulation, or act done or purporting to be done in virtue of this act, and the determination and order of the court thereon shall be conclusive." This section has been considered in several

cases by this court and also by the Supreme Court. In Whitney et al., Apps., v. Jersey Shore Borough, 266 Pa. 537, 546, our Supreme Court held that the remedy for persons aggrieved by attempted annexation proceedings is exclusively by complaint under the Code to "the next Court of Quarter Sessions" and not in equity. We quote the following from the opinion in that case: "No matter what the cases prior to the Act of 1915 (Devore's App., 56 Pa. 163; Pittsburgh's App., 79 Pa. 317; Sample v. Pittsburgh, 212 Pa. 533; Beaver Borough's App., 34 Pa. Superior Ct. 467; Clairton Borough, 34 Pa. Superior Ct. 74, et al.) may hold as to the jurisdiction of equity to review and declare void annexation proceedings, yet since the date of the borough code, whenever that statute applies (as it does here), relief to one aggrieved in any respect by such proceedings, if the relief sought involves an attack on the validity thereof, must be had in the quarter sessions (Parkin v. New Kensington Borough, 262 Pa. 433; see also Sipe v. Tarentum Boro., 263 Pa. 338); for in such instances the Code provides its own adequate remedy, by judicial review on complaint to that court, when and where the legality of the proceedings can be determined, and, in case the annexation be declared invalid, the rights of all property holders (to be relieved from improper tax levies) is effectually established at law. The Parkin case, so far as the effect of section 9, chapter 7, article I, of the borough code is concerned, settles the law as we have just stated it; and our present ruling is made with a full appreciation of the fact that the old Borough Act of 1851 contains a similar provision (P. L. 326, chapter 7, par. 2, of section 27) to that found in the Code of 1915. It may be noted, however, that the earlier provision seems never to have been construed or the effect thereof judicially determined, on the precise point here involved."

In the Matter of the Annexation of a Portion of Porter Township to the Borough of Jersey Shore, 75

Pa. Superior Ct. 543, this court held that a complaint need not necessarily be filed to the next term of the Court of Quarter Sessions following the passage of the ordinance but would be in time if filed at the next term after a grievance arose through an attempt to enforce an annexation ordinance by the assessment of taxes, etc. In the case of Wright v. France et al., Apps., 279 Pa. 22, 25, however, this construction of the complaint section of the Code was overruled by the Supreme Court. The ordinance involved in the case just cited was an ordinance regulating the construction of buildings. On the question of the time within which a complaint against a borough ordinance must be filed the Supreme Court said: "The ordinance in question was passed April 8, 1921. Plaintiff did not make application for his permit until September, 1922. The time had then passed in which he could make complaint against the ordinance: 'the next court of quarter sessions' means to the next after the approval of the ordinance or its going into effect. We are not unmindful that the Superior Court in Porter Township Annexation, 75 Pa. Superior Ct. 543, reached a contrary conclusion and held that complaint against an ordinance can be made to the next court of quarter sessions following a grievance. We think this could not have been the legislative intent and the act does not so state." In the present case the ordinance was enacted on April 7, 1925, and the complaint against it was filed May 12, 1925, which, as found by the court below, was "to the next court of quarter sessions" of Fayette County. The recognizance "to prosecute the same [the complaint] with effect and for the payment of costs" was not actually filed until July 13, 1926, but it was then filed under an order of the court below authorizing and directing its filing nunc pro tunc. This order is justified in the opinion of the lower court upon the ground that the Borough of Scottdale raised no question with respect to the recognizance when it answered the com-

plaint and waited approximately eight months before making any objection to the absence of the recognizance.

From this review of the applicable legislation we turn to the history of the proceedings as disclosed by the record and adopt the facts as stated by the court below in its opinion: Jacobs Creek is the boundary line between Upper Tyrone Township in Fayette County, and Scottdale Borough in Westmoreland County. The U. S. Cast Iron Pipe and Foundry Company, a foreign corporation registered in Pennsylvania, owns the thirty-six acres of land in Upper Tyrone Township proposed to be annexed to Scottdale Borough. On this land there is located a manufacturing plant but no one resides thereon. J. E. Tinstman is President of Council of Scottdale Borough and is also Resident Manager of the U. S. Cast Iron Pipe and Foundry Company. On April 4, 1925, this company, by its president and secretary, presented, as the sole property owner in that portion of Upper Tyrone Township proposed to be annexed, its petition to the Scottdale Council, setting forth a description of the thirty-six acres proposed to be annexed; reciting that this portion is a regularly plotted and laid out tract of land, having thereon large manufacturing buildings and by geographical position is naturally a part of the Borough of Scottdale; and praying the town council and burgess to pass an ordinance admitting and annexing that portion of Upper Tyrone Township to the borough. Thereupon an ordinance was passed as prayed for, which ordinance was signed by Tinstman as President of Council under date of April 6, 1925, and was approved by the burgess the next day. On April 8, 1925, a certified copy of the ordinance, with a description and plot, was filed in the Court of Quarter Sessions of Fayette County, and presumably in the Court of Quarter Sessions of West-

moreland County. The record does not disclose whether or not it was filed in Westmoreland County but that question is not material upon this appeal. Nor does it appear whether a notice of the filing was filed in the office of the county commissioners of Fayette County. At the next Court of Quarter Sessions of Fayette County the Board of Supervisors of Upper Tyrone Township and several "taxpaying freeholders" residing in the township, but not in the territory proposed to be annexed, made a complaint, subsequently amended, to the Court of Quarter Sessions of Fayette County, alleging that they had been aggrieved in many ways in consequence of the ordinance. In this complaint the ordinance is attacked upon a number of different grounds. It is averred, inter alia, that the council did not have power to enact it because the petition was signed by only one freeholder, a non-resident foreign corporation; that it was not enacted in accordance with the regular and customary procedure of council; that the annexation will be extremely detrimental to the Township of Upper Tyrone; and that the sections of the Code purporting to authorize its enactment are unconstitutional upon specified grounds. Upon the filing of the complaint a rule was granted on the Borough of Scottdale to show cause why the ordinance should not be adjudged null and void, and it was ordered that a copy of the complaint be served upon the U. S. Cast Iron Pipe and Foundry Company. It does not appear how this rule was served or whether it was ever served. The Borough of Scottdale however appeared by counsel and filed its answer to the rule on May 21, 1925, taking issue with the material averments contained in the complaint, in which answer the Pipe and Foundry Company joined. Nothing was done in the matter until January 13, 1926, upon which date the Borough of Scottdale presented the petition referred to in the

14    In Re: SCOTTDALE BOROUGH ANNEXATION.

opening portion of this opinion challenging the jurisdiction of the Court of Quarter Sessions of Fayette County to hear and determine the complaint.

It is earnestly contended on behalf of appellant that this proceeding is in its legal effect a suit against the Borough of Scottdale and that under the rule established as early as the case of Lehigh County v. Kleckner, 5 W. & S. 181, 186, and referred to in Oil City v. McAboy, 74 Pa. 249, 250, a public municipal corporation cannot be sued except in the county where it is located. Undoubtedly the great weight of authority is to the effect that an action against a municipal corporation is inherently local and not transitory and must therefore be brought in the courts of the county where such corporation is situated unless jurisdiction has been conferred upon the courts of other counties by express legislative provisions: 14 Encl. of Pl. and Pr. 228; 19 R. C. L., p. 1049, Sec. 338. The actions however to which this rule is applicable are actions grounded upon some liability, contractual or otherwise, of the municipality as such. On the other hand, it has been held as a general proposition that a municipal corporation cannot be held civilly liable for the mere enactment of an ordinance by its council. When the Legislature has delegated to a municipal corporation local legislative power, if the municipality does not exceed the statutory grant, it is not liable in an action of tort to an individual injured by the manner in which the local authorities have exercised the powers entrusted to them: 19 R. C. L., p. 1097, Sec. 381. Here the borough council has been given power to annex territory by the enactment of a proper ordinance. As a general rule the courts will not, in the absence of express statutory authority, attempt to pass upon the wisdom or policy of such an ordinance. But under the Borough Code Courts of Quarter Sessions have been given express legislative authority to hear and determine complaints made by any person or persons claim-

ing to have been aggrieved in consequence of any annexation or other ordinance, etc. We are dealing there-fore in this case, not with the general liability of a municipal corporation, growing out of its contracts or arising from its torts, but with a purely statutory procedure expressly conferring jurisdiction upon Courts of Quarter Sessions to hear and determine complaints against the validity of borough ordinances. In view of the facts to which we have already referred in this opinion it is obvious that serious questions naturally arise with respect to the validity of the ordinance which complainants have attacked. Under the plan adopted in these annexation proceedings the annexing ordinance is to be enacted upon the petition of "a majority of the freeholders of the territory proposed to be annexed." Whether a petitioning freeholder must be a resident of the territory to be annexed, (as in the case of the annexation of territory within the county), and, if so, whether the single petitioner in this case, a foreign corporation registered in Pennsylvania, is a resident of the territory, and, indeed, whether it can be considered to be a "freeholder" at all, within the meaning of the Code, are questions necessarily involved in a consideration of the merits of the complaint; but they are also questions which are not involved upon this appeal and upon which we express no opinion. Under the decisions of our Supreme Court to which we have referred it is extremely doubt-ful whether the complainants could now question the validity of the ordinance either by complaint in the Court of Quarter Sessions of Westmoreland County or by proceedings in equity. Their objections to the ordinance raise important questions and they should not be deprived of the right to secure a judicial determination upon the merits of this controversy unless it is clear that the court in which they have filed their complaint is without jurisdiction over the subject matter. Under the method of annexation by which a majority

of the taxable inhabitants of the annexing territory institute the proceedings by petition in the respective Courts of Quarter Sessions of each county and each court appoints a commissioner, considers reports, grants rules and decrees the annexation, there can be no doubt that the Legislature has expressly conferred full statutory jurisdiction of the proceedings on the Court of Quarter Sessions of each county concerned. We see no compelling reason to conclude that it was the legislative intent to make any distinction with respect to the jurisdiction of the Court of Quarter Sessions of each county concerned in the proceeding when the method of accomplishing the annexation by the enactment of a borough ordinance is resorted to. On the contrary, the provision that a certified copy of the annexing ordinance, together with a description and plot, et cetera, shall be filed in the courts of both counties, when the land proposed to be annexed is situate in an adjacent county, and the requirement that a notice of such filing shall also be given to the county commissioners seems to us to indicate that it was the purpose of the Legislature in authorizing this method of annexation to confer statutory jurisdiction upon the court of quarter sessions of each of the counties concerned in and affected by the annexation. No exclusive jurisdiction is conferred upon the Court of Quarter Sessions of either county under either method of annexation. Manifestly the purpose in requiring the filing of the certified copy of the ordinance in both counties and in requiring notice to be given to the county commissioners is, inter alia, to afford notice to all parties in interest of the enactment of the ordinance, to the end that they may have an opportunity to question its validity, if they so desire, by a complaint filed to the next Court of Quarter Sessions in either or in both counties. The complainants in this case having elected to file their complaint in the Court of Quarter Sessions of Fayette County, and having filed

the same to the next term of that court after the enactment of the ordinance, we are of opinion that the court below has jurisdiction of the subject matter of this controversy.    Considering all the circumstances appearing from this record we are not persuaded that the court below abused its discretion in authorizing the recognizance to be filed nunc pro tunc.

The assignments of error to the order of July 8, 1926, are accordingly dismissed; the order is affirmed and the record remitted with a procedendo.