From Otto Herbst, Erie, Pa.

## Commonwealth v. Yearick

*Frank C. Gross*, district attorney, for Commonwealth.
*Henry Hipple*, for defendant.

BAIRD, P. J., November 29, 1932.—The transcript in this case shows that an information was made before an alderman in the City of Lock Haven, Clinton County, Pa., charging the defendant with reckless driving upon a State highway in Porter Township, said county, in violation of section 1001 (*a*) of The Vehicle Code of May 1, 1929, P. L. 905; that the alderman sent the defendant by registered mail a notice to appear together with a copy of the information; that later a warrant was issued but not served, and that still later the defendant

appeared, waived a hearing, and posted a bond for his appearance in the court of quarter sessions.

When the case was called for trial in this court, defendant's counsel moved to quash the information for, inter alia, the following reason:

"1. The information and the transcript filed in said cause shows the defendant was charged with an alleged violation of section 1001, subsection (a), article x, of The Vehicle Code of 1929, said violation having occurred in Porter Township, Clinton County, Pa. The information was made before C. S. Harter, an alderman in and for the Fourth Ward of the City of Lock Haven, Clinton County, Pa. Said alderman at no time had any jurisdiction over the alleged offense or of the person of defendant. The magistrate within Porter Township, where the alleged violation occurred, was P. B. Loder, justice of the peace, who was the magistrate nearest to the point where the violation occurred. Therefore, said P. B. Loder, Justice of the Peace of Porter Township, residing at the village of Lamar therein, was the only magistrate having jurisdiction of the offense and of the person of the defendant. Said alderman being without jurisdiction, this court is therefore without jurisdiction, either of the defendant or of the alleged offense."

It has been agreed by counsel in substance that at the time of the alleged offense P. B. Loder was a duly commissioned and acting justice of the peace in and for said Township of Porter; that the distance from the point of the alleged violation to his office is 3.7 miles; that the distance from said point to the office of C. S. Harter, the alderman before whom the information was made, is 8.5 miles; and that there are at least three other magistrates whose offices are nearer said point than that of Alderman Harter.

For a violation of said section 1001 of The Vehicle Code of 1929, a summary hearing before a magistrate is provided.

Section 1201(a) of said code, as amended by the Act of June 22, 1931, P. L. 751, provides as follows:

"Informations, charging violations of any of the summary provisions of this act, shall be brought before the magistrate nearest to the point where the alleged violation occurred, or a magistrate within the city, borough, incorporated town, or township where the alleged violation occurred, . . ."

The offense charged in this case is alleged to have occurred after the passage of said amendment.

As originally enacted section 1201(a) of said code required that the information charging a violation of any of the provisions of the act, except in cases where the offense is designated a felony or a misdemeanor, should be brought before the "nearest available magistrate". This offense is not so designated, and under section 1201(a) of the original act it has been held that informations must be brought before the nearest available magistrate; that when not so brought the case will be dismissed for want of jurisdiction: Com. v. Good, 33 Dauph. Co. Reps. 74; Com. v. Henry, 14 D. & C. 651; Com. v. Chadwick, 13 D. & C. 479. In all of these cases the defendant waived a summary hearing before the magistrate and gave bail for his appearance in the court of quarter sessions, as the defendant did in this case.

In Com. v. Good, supra, Judge Hargest said in part:

"The statute is plain, positive and mandatory. Jurisdiction was given to the nearest available magistrate, and there were three nearer than the alderman before whom the charge was brought, two of whom, as far as the evidence disclosed, were available.

"We may say, in passing, that committing magistrates should first inquire into their jurisdiction, under this statute, before accepting cases.

"The defendant lost no rights by waiving a summary hearing and giving bond to appear in Court. He could raise the question of jurisdiction at any time. Even though he had taken an appeal it would not have operated to give consent to jurisdiction. When, therefore, the evidence disclosed the lack of jurisdiction of the alderman it was the duty of the court, on motion of the defendant, to dismiss the case, which was done."

The same conclusion was reached in Com. v. De Ghequier, 13 D. & C. 615, and Com. v. Cleland, 21 Del. Co. R. 21, which came into the Courts of Quarter Sessions of Snyder and Delaware Counties, respectively, on appeal.

We do not overlook the case of Com. v. Marter, 13 D. & C. 688, where it is held that section 1201 of The Vehicle Code of 1929, requiring offenses other than felonies and misdemeanors to be prosecuted before the nearest available magistrates, violates article III, section 3, of the Constitution of Pennsylvania, in that no notice is given by the title of the act that the authority and jurisdiction of other magistrates, aldermen or justices of the peace is limited or abolished; that the section is therefore unconstitutional and void; and that an information charging such an offense may be made before any other officer who previously had jurisdiction; but we agree with Judge Shull in Com. v. Henry, 14 D. & C. 651, that the provisions of section 1201 are sufficiently expressed in the title of the act, that the offenses to be prosecuted before a magistrate under said section are created by the act itself, and that that section therefore does not limit the jurisdiction of magistrates or take from them any jurisdiction they previously possessed.

Judge Whitehead, of Lycoming County, in the unreported case of Com. v. Dagle, No. 122, December Sessions, 1930, in the Court of Quarter Sessions of Lycoming County, also upheld the constitutionality of the section of said code in question, and dismissed the prosecution because the information was not made before the nearest available magistrate.

If this case had come into court on appeal from the judgment or sentence of the magistrate before whom the information was made, there would be no question of the duty of the court to sustain the defendant's motion to dismiss for lack of jurisdiction in the magistrate and hence in this court. An objection that the subject matter of an action or a proceeding was not within the jurisdiction of the trial court may be raised for the first time on appeal: 15 C. J. 849, sec. 166. The exercise of the privilege given the defendant of waiving a summary hearing is merely a short cut to the same end, namely, a trial in the quarter sessions, and there is no reason why the rule should not apply in one case as well as in the other, but the district attorney contends that the defendant, having elected to be tried in the quarter sessions and having himself removed the case from the magistrate's court, cannot challenge the jurisdiction of the quarter sessions to try the issue, and in support of this contention cites Com. v. Allen et al., 15 D. & C. 43, which apparently so holds, but such holding is based upon a consideration of section 1204 (b) of the code which provides: "Any person charged with violating any of the summary provisions of this act may waive summary hearing and give bond . . . for appearance for trial before a judge of the court of quarter sessions. . . ." This section, 1204(b), is a procedural regulation. Section 1201(a) confers jurisdiction and, as amended, limits it to the magistrate nearest to the point where the alleged violation occurred or a magistrate within the city, borough, incorporated town, or township where the alleged violation occurred, and it is this section, 1201(a), with which we have to deal.

The question in this case concerns the jurisdiction of the cause of action, that is, of a summary offense under The Vehicle Code.

712

That jurisdiction of the person may be waived is well settled, and that is the most that may be claimed for any of the cases cited by the district attorney, except possibly Com. v. Allen, supra.

Objections to jurisdiction are of two classes between which there is a clear and well settled distinction: First, those relating to the authority of the court over the subject matter, and secondly, those relating to its authority over the parties. Objections of the first class cannot be waived nor jurisdiction obtained by acquiescence: Com. v. Barnett, 199 Pa. 161, 177; English v. English, 19 Pa. Superior Ct. 586; Lewisburg Bridge Co. v. Union and Northumberland Counties, 232 Pa. 255; In re: Scottdale Borough Annexation, 91 Pa. Superior Ct. 1, 4. See also 16 R. C. L. 364, sec. 43; 7 R. C. L. 1039, sec. 70; 15 C. J. 802, sec. 101; 16 C. J. 149, sec. 168; page 154, sec. 179; page 158, sec. 183; and page 184, sec. 256.

"Three distinct factors are to be considered in determining whether or not there is a waiver: (1) Jurisdiction itself; . . . As to the first, if there is an absolute want of jurisdiction in the premises, that which is without existence cannot be brought into being by a waiver, for a nullity cannot be waived": 11 Cyc. 697-98.

Now, November 29, 1932, being satisfied of an absolute want of jurisdiction in the magistrate who took the information, the defendant's motion is granted and the prosecution dismissed.

From W. E. Shaffer, Lock Haven, Pa.